CIVIL SERVICE COMMISSION, CITY OF MALVERN, ARKANSAS *v.* ARTHUR BASS

5-5823                                            477 S.W. 2d 842

Opinion delivered March 20, 1972

*Wendell O. Epperson,* for appellant.

*Joe W. McCoy,* for appellee.

J. FRED JONES Justice. This is an appeal by the Civil Service Commission of the City of Malvern from an order of the Hot Spring County Circuit Court reversing an order of the Civil Service Commission of Malvern for want of jurisdiction in the discharge of a member of the Malvern City Police Department for conduct unbecoming an officer. On appeal to this court the Civil Service Commission relies on the following points for reversal:

"The decision of the trial court was contrary to law.

The decision of the trial court was contrary to the evidence."

We conclude the decision of the trial court must be reversed on the appellant's first point, so we do not reach the appellant's second point.

The facts as they appear in the record are to the effect that the chief of police of the City of Malvern had resigned and the appellee, Sgt. Arthur Bass, was appointed as acting chief. He was so acting when a citizen of Malvern preferred charges against him with the Civil Service Commission of the City of Malvern, and on June 14, 1971,

Service Commission that he had been dismissed from the Malvern Police Department for conduct unbecoming an officer.

On June 15, 1971, Sgt. Bass advised the Malvern Civil Service Commission in writing that he requested a trial before the Civil Service Commission on the charges alleged as the grounds for his dismissal. On June 30, 1971, a hearing was conducted by the Civil Service Commission at which time Sgt. Bass appeared and considerable testimony was heard by the Commission on both sides of the issue. Following the hearing the Commission refused to reinstate Sgt. Bass, but reaffirmed his dismissal and Sgt. Bass appealed to the Hot Spring County Circuit Court. The case was set for trial in the circuit court at 1:00 p.m. on August 11, 1971, and Sgt. Bass and the prosecuting witness were advised of the trial and of their right to produce additional evidence if they desired to do so. The record indicates, however, that no further or additional evidence was produced at the trial in circuit court, but that the trial court entered an order finding that the Civil Service Commission was without authority to dismiss Sgt. Bass and that its action in attempting to do so was void for want of jurisdiction. The trial court reversed the order of the Commission and remanded the matter to the police department with instructions that Sgt. Bass be reinstated as of the 14th day of June, 1971

We are of the opinion that the trial court erred in interpreting the authority vested in the Civil Service Commission under Ark. Stat. Ann. § 19-1603 (Repl. 1968). This section of the statute provides that the board of Civil Service Commissioners shall prescribe, amend and *enforce* rules and regulations governing the fire and police departments of their respective cities. The statute then sets out various matters for which the rules should provide, beginning with the eleventh one as follows:

"11th. For discharge or reduction in rank or compensation after promotion or appointment is complete, only after the person to discharged, or reduced, has been presented with the reasons for such discharge or reduction in writing.

The person so discharged or reduced shall have the right within ten (10) days from the date of notice or discharge or reduction to reply in writing and should said person deny the truth of such reasons upon which such discharge or reduction is predicated and shall demand a trial, said Commission shall grant a trial as provided hereinafter.The reasons and the reply shall constitute a part of said trial and be filed with the record.

12th. For the adoption and amendment of rules after public notice and hearing.

13th. For the preparation of a record of all hearings and other proceedings before it, which hearings or proceedings shall be stenographically reported.

The Commission shall adopt such rules not inconsistent with the act for the necessary enforcement of the Act."

These provisions of the statute are derived from Act 28 of the Acts of 1933 and the same Act also provides for employees to be governed by department rules and regulations. Ark. Stat. Ann. § 19-1604 (Repl. 1968) appears as follows:

"All employees, in any fire or police department, affected by this act §§ 19-1601.1—19-1618, shall be governed by rules and regulations set out by the chief of their respective police or fire departments after such rules and regulations have been adopted by the governing bodies of their respective municipalities."

The rules and regulations adopted by the Civil Service Commission of Malvern, and the rules and regulations set out by the police department are not in the record, but apparently the trial judge concluded that this section of the statute, § 19-1604, *supra*, applied to the situation in the case at bar rather than the provisions under § 19-1603, *supra*. We are of the opinion, however, that these two sections of the statute apply with equal force to different rules and regulations; those promulgated by the Civil Service Commission under § 19-1603 and those promulgated by the various departments under § 19-1604.

We conclude that the question presented here was settled by our decision in *Civil Service Commission of North Little Rock* v. *McDougal,* 198 Ark. 388, 129 S. W. 2d 589. In that case a citizen filed charges with the Civil Service Commission of North Little Rock alleging that police officer, McDougal, was found drunk while on duty in violation of the regulations of the Commission. The Commission in that case notified the chief of police that such charges had been filed and directed that McDougal be immediately suspended. The order was complied with by the chief of police but a few days later he informed the Commission that he had restored McDougal to his former status. McDougal was promptly told by the Commission that charges against him had not been disposed of, and he was directed not to return to work. McDougal then demanded a hearing before the Commission and a hearing was granted. After hearing testimony on both sides of the issue, the Commission notified McDougal that he had been found guilty and that he was dismissed from the service.

On appeal to the circuit court McDougal contended that the right to discipline rested entirely with the chief of police. He contended that disciplinary measures had been fully exercised by the chief through the prior order of suspension and that after his reinstatement, the Commission was without authority to proceed further in the matter. McDougal contended the Commission acted in a quasi-judicial capacity; that its jurisdiction was appellate and not original; that at the time the hearing was conducted there was nothing before the Commission for determination, the matter having been disposed of by the chief of police. The circuit court found that the Commissioners had exceed their authority and the order of the Commission was set aside. The Commission appealed to this court and in reversing the judgment of the circuit court, we said:

"We do not agree with the trial court's declaration of the law.

The Commission, and not the chief of police, is the responsible agency. By § 3 of Act 28, the Commission is expressly charged with the duty of prescribing, amending,

and *enforcing* its rules. The Commission is required to *investigate* the enforcement and effect of Act 28. An exception to the Commission's power is found in Mandatory Rule No. 7, which authorizes the chief of police, during the six months period of probationary employment, to 'discharge, in case of an appointment, or reduce, in case of promotion.'

Mandatory Rule No. 11 authorizes the Commission to provide for discharge or reduction in rank . . .only after the person so discharged, or reduced, has been presented with the reasons for such discharge or reduction,' the notice to be in writing. It then becomes the duty of the Commission, when demand is made, to grant a trial.

It is true § 4 provides that all employees in the department shall be governed by rules and regulations set out by the chief, '. . . after such rules and regulations have been adopted by the governing bodies,' etc., but this does not mean that when the Commission has approved expressed standards of conduct, as to which the chief of police has a duty of enforcement, the Commission is deprived of all authority, and must supinely adquiesce in any policy of discipline the chief may determine is proper. Certainly that official's power of supervision cannot rise above the source from which it was derived."

We are of the opinion that the trial court erred in concluding that the Civil Service Sommission of Malvern did not have the jurisdictional authority to discharge Sgt. Bass. The Commission did not first discharge Sgt. Bass on its own accusation but did so on the accusation of a citizen of Malvern as it had a right to do under proper rules and regulations promulgated by it. Sgt. Bass was entitled to be confronted by his accuser and present testimony himself, if he so desired, before the Commission, and he had the same right and privilege on his trial de novo in the circuit court.

We conclude, therefore, that the order of the circuit court should be reversed and this case remanded to the circuit court for trial de novo at which time additional evidence may be taken by the court as provided by statute, and in the absence of additional evidence the trial court

should decide the case on its merits in a trial de novo on the record before it.

Reversed and remanded.

Harris, C. J., not participating.