Thomas MAGNESS *v.* Cleddie SHOCK, Chief of Police, PINE BLUFF POLICE DEPARTMENT and CITY Of PINE BLUFF

77-73                                                        554 S.W. 2d 342

Opinion delivered July 18, 1977
(Division II)
[Rehearing denied September 12, 1977.]

*Winfred A. Trafford* of *Holmes, Holmes & Trafford,* for appellant.

*Robert Tolson, Jr.,* City Atty., for appellees.

JOHN A. FOGLEMAN, Justice. Lt. Thomas Magness was discharged by Chief of Police Cleddie Shock. Magness was given a letter of dismissal notifying him that he was discharged "for violation of the following rules and regulations":

16-3        Failure to conform to and abide by Rules and Regulations

16-42 (3)    Conduct unbecoming an officer or employee of the Police Department.

16-42 (5)    Neglect of Duty.

16-42 (30)    Absence from duty without official leave.

Magness gave notice of appeal to the Civil Service Commission, which upheld the dismissal. The pertinent finding of the commission, after hearing testimony, was:

The finding of this Commission on the evidence presented to it is as follows: Number One, that Lieutenant Magness did violate the following rules and regulations, 16-3, 16-42 subparagraph (3), 16-43 subparagraph (5), 16-43 subparagraph (30). This Commission further finds that these violations are sufficient to sustain the Police Chief's action of dismissal from the Pine Bluff Police Department.

On appeal, the circuit court, in its findings stated:

The Commission found that Lt. Magness violated certain enumerated rules and regulations and that these violations were sufficient to sustain his dismissal by the Chief of Police. The decision of the Commission does not include findings of fact, conclusions of law or statements of underlying facts, supporting the ruling of the Commission. Without these, this court must guess or speculate as to what facts the Commission found to base its decision. Because of this, it is possible that the Commission's decision will be based on one set of facts and the court's on a completely different set of facts. If this court had the authority to do so it would remand

this cause for the sole purpose of requiring the Commission to prepare findings of fact and conclusions of law for this court to review.

The applicable statute, Ark. Stat. Ann. § 19-1605.1 (Repl. 1968), provides that a civil service employee may not be discharged without being notified in writing of his discharge and the cause therefor. See also, Ark. Stat. Ann. § 19-1603 (Repl. 1968 and Supp. 1975). The statement of cause may or may not be sufficient, depending on the wording and content of the rules enumerated therein. It should be noted that the commission's findings are based on sections of the rules having different numbers from those listed on the notice of discharge.

We have no idea of the content of the rules referred to, either in the notice of discharge or the commission's findings. They are not in the record. Without knowing their content, we are in no position to say whether the notice given Magness is sufficiently definite or whether there was substantial evidence to support the circuit court's findings.

We do not take judicial notice of city ordinances. *Walthour* v. *Alexander*, 243 Ark. 621, 421 S.W. 2d 613. For the same reason, we cannot take judicial notice of the rules and regulations of a city board or commission. The Civil Service Commissioners were required to adopt rules and regulations governing the police department. § 19-1603. They must have done so, but we do not know what they are.

When an appeal is taken from a commission ruling, the statute requires the Civil Service Commission to send all pertinent documents and papers to the circuit court, along with the transcript of all evidence and testimony adduced before the commission and the commission's findings and orders. In this case we are in a situation somewhat similar to that presented to the court in *Strickland* v. *Little Rock,* 68 Ark. 483, 60 S.W. 26, where an appeal was taken from a conviction of an accused of interfering with a sanitary policeman of the City of Little Rock. In reversing the conviction, we said:

The powers and duties of the sanitary policeman

were not shown in the evidence. No ordinances of the city defining such powers and duties were read. If such ordinances were in existence, the circuit court or this court cannot take judicial notice of them. It follows, then, that the evidence fails to show that the appellant interfered with the policeman in the discharge of his duties.

We recently had occasion to point out the necessity for an order of removal to specify the particular charge upon which the removal is based before there can be a meaningful judicial review. *Fulmer v. Holcomb, Mayor,* 261 Ark. 580, 550 S.W. 2d 442. Without the rules and regulations of the commission we cannot say that the evidence sustains the charges specified or that the charges were sufficiently specific.

Since we cannot make a finding of either substantial evidence of cause for removal or of adequate notice, the judgment must be reversed and the cause remanded.

We agree. BYRD, ROY and HICKMAN, JJ.