The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, Arkansas 71611
Dear Senator Bradford:
This is in response to your request for an opinion on several questions concerning the Pine Bluff Civil Service Commission. Specifically, you have asked four questions about the Commission's authority to investigate and take action against a police detective who is alleged to have used profane language to a secretary in the division. You have essentially asked what the Commission's authority is to investigate the incident upon 1) a third party complaint (in this case at the insistence of an alderman); 2) the complaint of the secretary involved; and 3) the initiative of the Commission itself. Additionally, you have asked whether the Commission is precluded from investigating or taking action with respect to the detective if the Chief of Police has already taken disciplinary action against the detective.
It is my opinion that the Commission's authority in this regard may depend upon whether it is enforcing one of its own rules and regulations or a statute under which it operates.
You have stated that the Pine Bluff Civil Service Commission was established pursuant to A.C.A. 14-51-101, et seq. A Commission established pursuant to that chapter is given investigatory powers in 14-51-209: (a) In any investigation conducted by the commission provided for in this chapter, the commission shall have the power of subpoena, to require the attendance of any witness and the production of any papers or records pertinent to the investigation and to administer oaths to the witnesses.
Additionally, A.C.A. 14-51-301 (Supp. 1987) provides in pertinent part:
 (a)(1) The board provided for in this chapter shall prescribe, amend, and enforce rules and regulations governing the police and fire department of their respective cities.
 (2) The rules and regulations shall have the same force and effect of law.
 (3) The board shall keep a record of its examinations and shall investigate the enforcement and effect of this chapter and the rules as provided for in this chapter. (Emphasis added)
These two statutes give the Commission the authority to promulgate and enforce rules and to investigate their enforcement. There are two other statutes, however, which must be considered in an attempt to outline the Commission's authority. These two statutes above, can be viewed as creating a dividing line between the authority of the Commission on the one hand, and the authority of the police department, the mayor, and the city council on the other. The first of these statutes is A.C.A.14-51-302 which provides:
 All employees in any fire or police department affected by this chapter shall be governed by rules and regulations set out by the chief of their respective police or fire departments after rules and regulations have been adopted by the governing bodies of their respective municipalities.
The second provision is A.C.A. 14-52-101 which provides:
 The city council shall have the power to establish a city police department to organize it under the general superintendent of the mayor, and to prescribe its duties and define its powers in such manner as will most effectually preserve the peace of the city, secure the citizens thereof from personal violence, and safeguard their property from fire and unlawful depredations.
When all four statutes are considered together, it appears that the Commission has authority regarding its own rules and regulations, and the chief of police and/or the major have authority regarding departmental rules.
Thus, to the extent the Commission is investigating an alleged violation of or is attempting to enforce one of its rules, or the effect of the statutory chapter under which such rules are promulgated, it is properly exercising its authority. Otherwise, the balance of authority rests within the police department, under the general superintendence of the mayor.
A review of relevant case law supports this conclusion. It appears that the two most closely relevant decisions of our Arkansas Supreme Court are found in Civil Service Commission of North Little Rock, v. McDougal, 198 Ark. 388, 129 S.W.2d 589
(1939), and Malvern Civil Service Commission v. Bass,252 Ark. 178, 477 S.W.2d 842 (1972). Both cases involve the investigation and discharge of police officers. The issue in both cases was whether the Commission had authority to discharge a particular police officer. (In Bass, the Commission sought to discharge the acting chief, and in McDougal, the Commission sought to discharge a police officer over the objection of the chief.) Both opinions conclude that to the extent the Commission is enforcing one of its rules, it has the authority to discharge a particular officer. The court in Bass had occasion to note the apparent conflict of authority found in the statutes. The court, after reviewing what is now A.C.A. 14-51-301, which gives the Commission authority to enforce rules, and A.C.A.14-51-302, which provides that employees shall be governed by rules set out by the chief, concluded:
 We are of the opinion, however, that these two sections of the statute apply with equal force to different rules and regulations; those promulgated by the Civil Service Commission under [14-51-301] and those promulgated by the various departments under [14-51-301].
252 Ark. at 181.
Both cases stand for the proposition that to the extent the Commission is enforcing or investigating one of its rules, it will be given a wide berth of authority.
We have not been provided with sufficient information to determine whether, in this instance, the conduct complained of would constitute a potential violation of one of the Commission's rules. To the extent the conduct does present a potential rule violation, it is my opinion that the Commission most likely has the authority to investigate.
If, however, the conduct complained of does not present a Commission rule violation, it is my opinion that any authority to the exercised properly lies within the police department, under the superintendence of the major.
As to your inquiry concerning upon whose complaint an investigation may be initiated, it is my opinion that the Commission may investigate the violation of one of its own rules or regulations without the necessity of a complaint filed by any aggrieved party, provided that such investigations are consistent with the Commission's rules. See generally, A.C.A. 14-51-209. The same is true with respect to complaints filed by either the secretary of alderman, again provided that such an action would be consistent with the Commission's rules.
Finally, as to your inquiry as to whether the Commission can investigate or take action in light of the fact that the police chief has already taken disciplinary action, it is my opinion that the case of Civil Service Commission of North Little Rock, v. McDougal, 198 Ark. 388, 129 S.W.2d 589 (1939) clearly holds that it can.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
RON FIELDS Attorney General
RF:arb