The Honorable Jacqueline J. Roberts State Representative P.O. Box 2075 Pine Bluff, AR 71613-2075
Dear Representative Roberts:
This is in response to your request for an opinion on the following question:
 Who is the police chief accountable to, the Mayor or the Civil Service Commission? Also the fire chief.
You have asked that the City of Pine Bluff be used as the city for guidelines.
Your question requires consideration of several different Arkansas Code sections, which will be discussed below. As you can see from the ensuing discussion, the question as posed is not susceptible to an unqualified response. Our review will, however, hopefully provide a sufficient analysis for guidance in addressing the issue with reference to a given set of facts.
Reference must initially be made to the civil service laws. I will assume that the Pine Bluff Civil Service Commission ("Commission") was established pursuant to A.C.A. § 14-51-101et seq. Section 14-51-301 (Supp. 1989) states in pertinent part:
 (a)(1) The board provided for in this chapter shall prescribe, amend, and enforce rules and regulations governing the fire and police departments of their respective cities.
 (2) The rules and regulations shall have the same force and effect of law.
 (3) The board shall keep a record of its examinations and shall investigate the enforcement and effect of this chapter and the rules as provided for in this chapter.
It is thus apparent that the Commission has the authority to promulgate and enforce rules, and investigate their enforcement.See also A.C.A. § 14-51-209.[1] Any effort to outline the Commission's authority over the police or fire chief must, however, also include reference to the following Code sections which, when read in conjunction with the above provisions, can be viewed as creating a dividing line between the authority of the Commission on the one hand, and the authority of the departments, the mayor, and the city council on the other. The first of these statutes, also part of the civil service laws, is A.C.A. §14-51-302, which provides:
 All employees in any fire or police department affected by this chapter shall be governed by rules and regulations set out by the chief of their respective police or fire departments after rules and regulations have been adopted by governing bodies of their respective municipalities.
The following Code sections, which are not part of the civil service laws, govern municipal police and fire departments generally.
 The city council shall have the power to establish a city police department, to organize it under the general superintendence of the mayor, and to prescribe its duties and define its powers. . . . [Emphasis added.]
A.C.A. § 14-52-101.
 (a) The city council shall establish fire departments and provide them with proper engines and such other equipment as shall be necessary. . . .
 (b) The council shall promulgate such rules and regulations to govern the department as it shall deem expedient.
A.C.A. § 14-53-101.
When all of the above Code sections are considered together, it must be concluded that the Commission has authority regarding its own rules and regulations and administration of the laws under which it was created; and the police and fire chiefs and/or the mayor have authority regarding departmental rules. The police chief and the fire chief are thus "accountable" to the Commission with regard to civil service rules and provisions. See alsoCivil Service Commission of North Little Rock v. McDougal,198 Ark. 388, 129 S.W.2d 589 (1939) and Malvern Civil ServiceCommission v. Bass, 252 Ark. 178, 477 S.W.2d 842 (1972), concerning the Commission's authority to enforce its own rules (concluding that to the extent the Commission is enforcing one of its rules, it may discharge an officer). As for departmental rules, the mayor's "general superintendence" of the police department (' 14-52-101) suggests that the police chief is "accountable" to the mayor in this regard. This conclusion is also suggested with respect to the fire chief under A.C.A. §14-43-504(b)(1). The police chief and the fire chief are, however, ultimately accountable to the city council (except in connection with civil service laws, as noted above), which alone has the power of removal. See A.C.A. § 14-43-505.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] The day-to-day operations of a police or fire department are, however, specifically excluded from this authority under Act 439 of 1989, which is codified at A.C.A. §§ 14-51-212 and — 301(c) (Supp. 1989). It thus seems clear that police and fire chiefs are not accountable to the Commission in connection with "normal and routine day-to-day operations." A.C.A. § 14-51-212(a) (Supp. 1989). Please note that I have enclosed a copy of Attorney General Opinion No. 89-126 which addresses the question of whether the police chief reports directly to the mayor regarding day-to-day operations, following passage of this act.