The Honorable Mike Hathorn State Representative P.O. Box 1406 Huntsville, AR 72740-1406
Dear Representative Hathorn:
I am writing in response to your request for an opinion on the following question, which you have asked on behalf of fire fighters:
 Is it permissible for a City, with a City Manager form of government, to utilize an outside party (mediator) to assist in resolving grievance issues so long as the outside party is used only for the purpose of review of fact and testimony and then making a non-binding recommendation of findings to the governing body of the City or the City Manager?
RESPONSE
As to those matters falling within the decision-making authority of the city governing body or the city manager in the first instance, it is my opinion that the answer is generally "yes." As explained more fully below, the existence of a civil service plan for the fire department should be considered when identifying such matters.
If the city does not have a civil service commission, it seems clear that the city board and/or the city manager will generally have the authority to decide grievance issues relating to fire fighters. See generally
A.C.A. § 14-47-109(a)(2) (Repl. 1998) (establishing the city board as the "supreme legislative and executive body of the city.") See also A.C.A. §14-47-120(1) (Supp. 2001) (authorizing a city manager to supervise and control city employees to the extent such authority has been vested in him by the city board); Op. Att'y Gen. 2000-283 (concluding that matters of employee discipline in a city that does not have a civil service commission fall within the general authority of the governing body (city council in that instance) to direct municipal affairs); and Op. Att'y Gen. 88-158 (finding no problems with a proposed grievance procedure in a city with the administrator form of government, where the city administrator has been vested with supervisory authority pursuant to A.C.A. § 14-48-117 and the board of directors retains the power of final review under § 14-48-110). Accordingly, the use of a mediator in that instance to assist in resolving grievance issues through non-binding recommendations[1] would generally be permissible in my opinion.
If, however, your question pertains to a city that has adopted a civil service plan (see A.C.A. § 14-47-127(b) (Repl. 1998), authorizing cities with the management form of government to adopt such systems), the separate statutory rulemaking authority of the civil service commission and the fire chief must be noted. The civil service commission in such a city has authority regarding its own rules and regulations and administration of the laws under which it was created. See Civil ServiceCommission of North Little Rock v. McDougal, 198 Ark. 388, 129 S.W.2d 589
(1939) and Malvern Civil Service Commission v. Bass, 252 Ark. 178,477 S.W.2d 842 (1972) (concluding that to the extent the commission is enforcing one of its rules, it has the authority to discharge a particular officer); Ops. Att'y Gen. 93-147 and 90-241. The city must therefore be mindful of the civil service commission's authority when contemplating a grievance policy or procedure for fire fighters. Seealso Ops. Att'y Gen. 2002-206 and Op. Att'y Gen. 94-274 (noting that a city governing body generally lacks the authority to formulate its own sets of rules and regulations for a fire department). As to grievance issues relating to matters covered by civil service commission rules or regulations, I believe the city's use of a mediator would only be permissible if the commission incorporated the mediation procedure into its rules or otherwise agreed to the procedure.
A similar conclusion applies with regard to grievance issues relating to fire department rules. As indicated above, the city has no independent authority to adopt rules and regulations governing the fire department. Only the fire chief is statutorily charged with the power to craft the rules and regulations that, upon city-council approval, will control day-to-day operations. See Op. 2002-206, and opinions cited therein, discussing A.C.A. § 14-51-302 (Repl. 1998) and other civil service laws. As to grievances of such rules, therefore, it is my opinion that the fire chief would have to agree to the use of a mediator. This necessarily follows from the fact that neither the city manager nor the city board has authority, independent of the fire chief, to develop rules controlling the day-to-day management or operation of the fire department. Id.
A distinction should perhaps be noted, however, regarding theenforcement of rules governing day-to-day operations of the fire department. Although the fire chief, with the city board's approval, is the only one authorized to develop the rules governing day-to-day operation, I believe the city board's position as the "supreme legislative and executive body of the city" (A.C.A. § 14-47-109(a)(2)) would generally support a decision by the board to use a mediator to assist in resolving grievance issues arising out of the enforcement of departmental rules and regulations.[2]
In conclusion, therefore, taking into account the above discussion, it is my opinion that the use of a mediator to make non-binding recommendations to the city board or the city manager would generally be permissible as to those matters that can appropriately be decided in the first instance by the board or the city manager.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] As you are probably aware, I have previously opined that Arkansas municipalities likely lack the authority to agree to binding arbitration of employer/employee disputes. Op. Att'y Gen. 2002-014.
[2] Employees covered by civil service would, of course, still have administrative remedies under the civil service laws. See A.C.A. §14-51-101 et seq.