Charles LAWRENCE *v.* CITY of TEXARKANA, Arkansas,
and Texarkana, Arkansas Fire Department

05-310                                                    221 S.W.3d 370

Supreme Court of Arkansas
Opinion delivered January 5, 2006

[Rehearing denied February 2, 2006.

*Robert A. Newcomb,* for appellant.

*Autrey, Autrey & Stewart,* by: *Ned A. Stewart, Jr.,* for appellee.

DONALD L. CORBIN, Justice. Appellant Charles Lawrence appeals the order of the Miller County Circuit Court affirming the Texarkana, Arkansas Civil Service Commission's decision to terminate Appellant's employment with the Texarkana, Arkansas Fire Department. On appeal, Appellant argues that: (1) he was terminated under rules not validly adopted; and (2) he was not terminated in conformity with state law. This case was certified to us from the Arkansas Court of Appeals, as involving a significant issue requiring clarification of the law; hence, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(5).

Appellant was a twelve-year veteran of the fire department and had achieved the rank of Engineer. On November 1, 2003, Appellant was approached by Jerry Reeves, a Nevada County Reserve Sheriff's Deputy, after he received a report that Appellant and his family had been involved in a family dispute at a local store.

Reeves first spoke with Mrs. Lawrence, who was upset and attempting to calm her children. He then approached Appellant, who was sitting in his truck, across the street from where his wife and children were. According to Reeves, he informed Appellant that he wanted to talk to him about the family-disturbance report that he had received. Then, while Reeves was in the process of checking Appellant's license, Appellant hurriedly left the scene. Reeves turned on his blue lights and pursued Appellant down a nearby county road, at times, reaching speeds of over 100 miles per hour. Appellant then pulled off the road and fled down a pipeline right of way, and Reeves was unable to continue his pursuit. Later, an officer with the Arkansas Game and Fish Commission located Appellant's vehicle, but he was not in it. Reeves again came into contact with Appellant after he was subsequently arrested by the Game and Fish officer.

Two days after his arrest, Appellant was scheduled to work a shift at the fire department. He contacted another firefighter and arranged to switch shifts. Appellant later met with Bobby Honea, Fire Chief for Texarkana, Arkansas. Chief Honea, who had been informed of the fleeing incident, inquired of Appellant as to what had transpired. Appellant declined to explain the situation, stating that it was a personal matter. On November 7, 2003, Chief Honea sent Appellant a letter, terminating his employment with the fire department. In that letter, Chief Honea pointed to the fact that Appellant had failed to show for his scheduled shift on November 3 and that he had been arrested for fleeing in Nevada County.

Appellant appealed his termination to the Commission, and a hearing was held on December 15, 2003. Following the presentation of testimony, the Commission unanimously voted to affirm Appellant's termination. The Commission's decision was announced orally by the Commission's chairman.

Appellant then appealed the Commission's decision to the Miller County Circuit Court. After conducting a *de novo* review, the circuit court issued a letter opinion affirming the decision of the Commission. Therein, the court rejected Appellant's contention that he had been terminated under regulations not validly adopted by the governing body of the City of Texarkana. Additionally, while the trial court found that there was no basis to terminate Appellant because he switched shifts with another firefighter, the court found that Appellant's conduct of fleeing and his subsequent arrest was a violation of fire department rules and regulations and, thus, warranted termination. This appeal followed.

■ Before addressing the merits of Appellant's arguments, it is necessary for this court to determine whether there was a final, appealable order by the Commission that vested jurisdiction of this matter in the trial court. Although this issue is not raised by any of the parties, the issue of whether a final judgment, decree, or order exists is a jurisdictional one, and this court has a duty to determine whether our jurisdiction is proper. *Chambers v. Manning*, 315 Ark. 369, 868 S.W.2d 64 (1993); *Mueller v. Killam*, 295 Ark. 270, 748 S.W.2d 141 (1988); *Sevenprop Assocs. v. Harrison*, 295 Ark. 35, 746 S.W.2d 51 (1988).

The record reflects that the chairman of·the Commission orally announced the Commission's decision to affirm Appellant's termination at the conclusion of the December 15th hearing. After receiving notice that Appellant was appealing the Commission's decision to the circuit court, the Commission's chairman submitted an "Affidavit of Record" stating that the record consisted of the transcript of the hearing held on December 15. No written order memorializing the Commission's decision was ever entered.

In *McGann v. Pine Bluff Police Dep't*, 334 Ark. 352, 974 S.W.2d 462 (1998), this court declined to reach the merits of the appellant's arguments on appeal because the decision of the Pine Bluff Civil Service Commission was not a final, appealable order. This court explained:

> Under § 14-51-308(e)(1)(A), McGann had a right to appeal any decision of the Commission to the circuit court, but like in every case of adjudication by an agency or commission, there still must be a final order. The final decision or order must be in writing or stated in the record, and that final decision must include findings of fact and conclusions of law. *See* Ark. Code Ann. §§ 25-15-210(b)(1) and (2) (Repl. 1996); *Sykes, Printing Adm'r v. General Publishing Co.*, 264 Ark. 1, 568 S.W.2d 33 (1978); *Earp v. Benton Fire Dep't*, 52 Ark. App. 66, 914 S.W.2d 781 (1996); *see also* Ark. Code Ann. §§ 14-51-308(e)(1)(B)(ii) and 14-51-308(e)(2)(A), (B), and (f).

*Id.* at 355, 974 S.W.2d at 463. In *McGann*, the Commission's order was not final because it left several issues unresolved.

Here, there is simply no written order, nor are there any findings of fact or conclusions of law. Arkansas Code Annotated § 14-51-308(e)(1)(B)(ii) (Repl. 1998) provides in relevant part

that once the commission receives notice of an appeal, it will prepare a written order containing its decision. As previously stated, no such written order was ever entered. It also appears that the Commission failed to make any findings of fact or conclusions of law with regard to Appellant's contentions that the fire department's procedures were not validly adopted or that his termination was justified because of his switching shifts or fleeing officers and being arrested. Because of these procedural deficiencies, the trial court lacked jurisdiction to entertain Appellant's appeal. When the trial court lacks jurisdiction, the appellate court also lacks jurisdiction. *See Koonce v. Mitchell*, 341 Ark. 716, 19 S.W.3d 603 (2000).

Accordingly, this matter is reversed and remanded to the trial court so that it may dismiss Appellant's appeal without prejudice. Appellant may then refile his appeal with the circuit court after the Commission enters a written order.

Reversed and remanded.