2011 Ark. 42

**Charles LAWRENCE, Appellant**

v.

**CITY OF TEXARKANA, Arkansas and the Fire Department of Texarkana, Arkansas, Appellees.**

No. 10–146.

Supreme Court of Arkansas.

Feb. 9, 2011.

Newcomb Law Firm, by: Robert A. Newcomb, Little Rock, for appellant.

Ned A. Stewart, Jr., Texarkana, for appellees.

DONALD L. CORBIN, Justice.

Appellant Charles Lawrence appeals the order of the Miller County Circuit Court affirming the decision of the Civil Service Commission of Texarkana, Arkansas (the Commission), to terminate Appellant's employment with Appellees the City of Texarkana, Arkansas (the City), and the Fire Department of Texarkana, Arkansas (the Department). On appeal, Appellant argues that (1) he was terminated under rules not validly adopted; and (2) he was not terminated in conformity with state law. There was a previous appeal decided in this court, wherein we reversed and remanded due to the lack of factual findings from the Commission. *Lawrence v. City of Texarkana,* 364 Ark. 466, 221 S.W.3d 370 (2006). Accordingly, our jurisdiction of this second appeal, which requires our interpretation of statutes and regulatory rules, is properly in this court pursuant to Ark. Sup.Ct. R. 1–2(a)(7) & (b)(6) (2010). We find no error and affirm the order of the circuit court.

The following facts were recited in the first appeal of this case:

Appellant was a twelve-year veteran of the fire department and had achieved the rank of Engineer. On November 1, 2003, Appellant was approached by Jerry Reeves, a Nevada County Reserve Sheriff's Deputy, after he received a report that Appellant and his family had been involved in a family dispute at a local store. Reeves first spoke with Mrs. Lawrence, who was upset and attempting to calm her children. He then approached Appellant, who was sitting in his truck, across the street from where his wife and children were. According to Reeves, he informed Appellant that he wanted to talk to him about the family-disturbance report that he had received. Then, while Reeves was in the process of checking Appellant's license, Appellant hurriedly left the scene. Reeves turned on his blue lights and pursued Appellant down a nearby county road, at times, reaching speeds of over 100 miles per hour. Appellant then pulled off the road and fled down a pipeline right of way, and Reeves was unable to continue his pursuit. Later, an officer with the Arkansas Game and Fish Commission located Appellant's vehicle, but he was not in it. Reeves again came into contact with Appellant after he was subsequently arrested by the Game and Fish officer.

Two days after his arrest, Appellant was scheduled to work a shift at the fire department. He contacted another firefighter and arranged to switch shifts.

Appellant later met with Bobby Honea, Fire Chief for Texarkana, Arkansas. Chief Honea, who had been informed of the fleeing incident, inquired of Appellant as to what had transpired. Appellant declined to explain the situation, stating that it was a personal matter. On November 7, 2003, Chief Honea sent Appellant a letter, terminating his employment with the fire department. In that letter, Chief Honea pointed to the fact that Appellant had failed to show for his scheduled shift on November 3 and that he had been arrested for fleeing in Nevada County.

Appellant appealed his termination to the Commission, and a hearing was held on December 15, 2003. Following the presentation of testimony, the Commission unanimously voted to affirm Appellant's termination. The Commission's decision was announced orally by the Commission's chairman.

Appellant then appealed the Commission's decision to the Miller County Circuit Court. After conducting a *de novo* review, the circuit court issued a letter opinion affirming the decision of the Commission. Therein, the court rejected Appellant's contention that he had been terminated under regulations not validly adopted by the governing body of the City of Texarkana. Additionally, while the trial court found that there was no basis to terminate Appellant because he switched shifts with another firefighter, the court found that Appellant's conduct of fleeing and his subsequent arrest was a violation of fire department rules and regulations and, thus, warranted termination. *Id.* at 466–67, 221 S.W.3d at 370–71.

Appellant then appealed to this court, and as previously noted, we reversed and remanded for the circuit court to dismiss without prejudice due to the lack of factual findings from the Commission. Following this court's opinion, the Commission issued an "ORDER UPON TRIAL" on February 13, 2006, in which it made findings of fact and conclusions of law, concluding that Chief Honea was justified in terminating Appellant.

Appellant again appealed the Commission's decision to the Miller County Circuit Court. The circuit court held a hearing on January 3, 2008, although no new arguments of counsel or evidence were presented. The circuit court ultimately issued a letter ruling on December 2, 2009, and entered an order on December 31, 2009, affirming Appellant's termination. Appellant timely appealed for the second time to this court. We ordered rebriefing in this second appeal for failure to abstract the parties' arguments before the circuit court and for failure to include in the addendum the posttrial briefs requested by the circuit court. *Lawrence v. City of Texarkana*, 2010 Ark. 323, 2010 WL 3516423 (per curiam). Appellant has now cured the deficiencies, and we proceed to address the merits of his two points for reversal.

As his first argument for reversal, Appellant contends that he was terminated under rules not validly adopted. It is not disputed that Appellant was terminated pursuant to rules and regulations of the Department that had been approved by the Commission. The issue Appellant raises is whether those rules were required by statute to be approved by the City Board of Directors. Our analysis of this issue requires our interpretation of the interplay or overlap of two statutes.[1]

1. Because Appellant was terminated in November 2003, the statutes applicable to this appeal are the 2003 versions. We cite to the most recent version of the statutes, however,

Appellant contends that, since the Department's rules had not been adopted by the City Board of Directors, they were not validly adopted in compliance with Ark. Code Ann. § 14–51–302 (Repl.1998). That statute provides in its entirety as follows:

> § *14–51–302.  Departmental rules and regulations.*
>
> All employees in any fire or police department affected by this chapter shall be governed by rules and regulations set out by the chief of their respective police or fire departments after rules and regulations have been adopted by *the governing bodies of their respective municipalities.*

(Emphasis added.)

Arkansas Code Annotated § 14–51–301 (Supp.2009) establishes the general rule-making power of civil service commissions, and provides in pertinent part as follows:

> § *14–51–301.  Rules and regulations generally.*
>
> (a)(1) The board provided for in this chapter shall prescribe, amend, and enforce rules and regulations governing the fire and police departments of their respective cities.
>
> (2) The rules and regulations shall have the same force and effect of law.
>
> . . . .
>
> (b) These rules shall provide for:
>
> . . .
>
> (11)(A) Discharge ... only after the person to be discharged ... has been presented with the reasons for the discharge ... in writing.
>
> . . . .
>
> (d) The commission shall adopt such rules not inconsistent with this chapter for necessary enforcement of this chapter, but *shall not adopt any rule or rules which would authorize any interference with the day-to-day management or operation of a police or fire department.*

(Emphasis added.)

Appellant's argument is that the rules and regulations under which he was terminated clearly dealt with the day-to-day operations of the Department and that, according to section 14–51–301(d), the only body authorized by statute to adopt such rules would be the governing body of the City, which is the City Board of Directors. According to Appellant, the Department has therefore terminated his employment under rules that were not validly adopted in conformity with state law, namely section 14–51–301(d).

In support of this argument, Appellant relies upon *Frego v. Jonesboro Civil Service Comm'n*, 285 Ark. 35, 684 S.W.2d 258 (1985). However, *Frego*'s facts are distinguishable from the facts of the present case. *Frego* involved a situation where the civil service commission was applying rules that had been adopted by the city council. In the present case, we are concerned with the application of rules adopted by a civil service commission.

Appellees respond that Appellant was terminated for conduct that violated three different rules of the Department that had been validly adopted by resolution of the Commission on October 12, 1996, and that these rules therefore had the full force and effect of law pursuant to subsections 14–51–301(a)(1) and (a)(2). Appellees maintain that if we construe the statutes in question as Appellant requests, we will in effect nullify the Commission's statutory authority to adopt rules and regulations.

The circuit court found the two statutes to be "somewhat ambiguous," but

---

because although some subsections of these statutes have been amended since 2003, the particular subsections at issue here have not been amended since then.

ruled that section 14–51–302 referred only to rules and regulations relating to day-to-day operations and did not diminish or circumscribe the general rulemaking powers granted to the Commission in section 14–51–301. Accordingly, the circuit court opined that the City Board of Directors did not have to approve the rules of the Department *except those that relate to the day-to-day operation of the police or fire departments*. The circuit court then concluded that the particular rules at issue in Appellant's termination did not relate to the day-to-day operations of the Department, and therefore it was not necessary for the City's Board of Directors to adopt or approve those rules. Thus, the circuit court concluded that the Commission was empowered to adopt the rules at issue here and to enforce them. We review the circuit court's rulings on issues of statutory construction under the de novo standard of review. *McLane S., Inc. v. Ark. Tobacco Control Bd.*, 2010 Ark. 498, 375 S.W.3d 628.

■ Seemingly conflicting statutes should be read in a harmonious manner where possible. *Great Lakes Chem. Corp. v. Bruner*, 368 Ark. 74, 243 S.W.3d 285 (2006). In this regard, statutory provisions are to be reconciled to make them consistent, harmonious, and sensible, and effect is to be given to every part of the statute. *Id.* This court has long followed the ₇common law maxim that statutes on the same subject will be construed together and reconciled to effect the legislative intent. *Cummings v. Washington County Election Comm'n*, 291 Ark. 354, 724 S.W.2d 486 (1987). We are required to give effect to both enactments unless it is impossible to do so. *Id.*

■ Reading section 14–51–301 harmoniously with section 14–51–302 so as to reconcile the legislature's intent and to give effect to every part of the statutes, we agree with the circuit court's interpretation that, as long as the rules approved by the Commission do not interfere with the Department's day-to-day operations, they are validly approved in compliance with state law. Such an interpretation reconciles the statutes and gives them harmonious, sensible effect.

Such an interpretation is also consistent with this court's precedent in *Civil Serv. Comm'n v. Bass*, 252 Ark. 178, 477 S.W.2d 842 (1972). In *Bass*, this court considered the interplay between the predecessor versions of the two statutes at issue here and observed that the two statutes, both of which originated from Act 28 of 1933, "apply with equal force to different rules and regulations." *Id.* at 181, 477 S.W.2d at 843. Since *Bass*, the General Assembly passed Act 439 of 1989, which amended section 14–51–301 by limiting the commission's rulemaking authority to matters that do not interfere with the day-to-day operations of the department.

Following the passage of Act 439 of 1989, this court stated that a civil service commission's authority to modify disciplinary penalties is intended by the General Assembly, ₈and that, "the modification of punishment, after a statutory hearing, cannot be construed as 'interference with the day-to-day management or operation of a police or fire department.' Instead, it is the statutorily authorized enforcement of a regulation." *Tovey v. City of Jacksonville*, 305 Ark. 401, 405, 808 S.W.2d 740, 743 (1991). Thus, according to *Tovey*, matters relating to a department's discharge and discipline polices are not to be construed as interfering with the department's day-to-day operations.

Accordingly, we conclude that the Commission's enforcement of the Department's disciplinary policy in the present case was not an interference with the day-to-day management of the Department, and

therefore the rules at issue were not required to be adopted by the City Board of Directors pursuant to section 14–51–302. Appellant's first point for reversal is therefore without merit, and we find no error in the circuit court's conclusion that the rules at issue were validly adopted.

As his second point for reversal, Appellant contends that he was not terminated in accordance with state law. Appellant argues that, because the letter of termination he received from Chief Honea did not charge Appellant with a specific rule violation relating to the conduct that led to his arrest, his termination was in violation of section 14–51–301(b)(11)(A). That statute requires that discharges can occur "only after the person to be discharged ... has been presented with the reasons for the discharge ... in writing." Appellees respond that Chief Honea's letter stated the reasons for Appellant's termination, and that is all that is required under section 14–51–301(b)(11)(A).

Chief Honea's letter, which was dated November 7, 2003, recited three instances where Appellant had either failed to report for duty or violated the sick-leave policy. The letter then went on to state as follows:

It has also been brought to my attention that you were arrested for fleeing law enforcement officials. This incident occurred on November 1, 2003 in Nevada County.

A plain reading of section 14–51–301(b)(11)(A) reveals that the reasons given for the termination are not required to include citations or references to specific rules. Rather, the statute requires only that the writing present "the reasons for the discharge."

The circuit court upheld Appellant's termination pursuant to section 1.2 of the rules in question, which prohibits a Department member from committing an act that might bring discredit to the Department or its members; and pursuant to section 1.3, which requires Department members to conduct themselves in such a manner as is approved by law-abiding, self-respecting citizens. The circuit court stated that, although Chief Honea's letter "was not totally clear on this issue," the court believed that Appellant was terminated for the conduct of November 1, 2003, and not merely for the fact that he was arrested. The circuit court pointed out that Appellant was thus given notice of the conduct that was being reviewed and that Appellant had the opportunity to appear and give his version of the incident.

■ We agree with the circuit court's assessment of Chief Honea's letter and conclude that it satisfied section 14–51–301(b)(11)(A)'s requirement of presenting the reason for Appellant's discharge in writing. Accordingly, Appellant's argument that his termination was not in accordance with state law is without merit.

In so holding, we are aware of Appellant's citation to *Magness v. Shock*, 262 Ark. 148, 554 S.W.2d 342 (1977), as standing for the proposition that this court has required that both the rule and the cause be contained in the notice of discharge. In *Magness*, the court pointed out the necessity for a notice of discharge to specify the particular charge upon which the discharge is based in order for there to be a meaningful judicial review; however, this court could not engage in a review of whether the evidence sustained the charge in the notice because the rules and regulations of the department at issue in that case *had not been admitted into the record*. Thus, contrary to Appellant's assertion, *Magness* does not require that a notice of discharge state a specific rule violation.

In summary, the circuit court did not err in its interpretation of the two seem-

ingly conflicting statutes. The rules under which Appellant was terminated were validly adopted by the Commission, and according to *Tovey*, 305 Ark. 401, 808 S.W.2d 740, because they did not interfere with the day-to-day operations of the Department, they were not required by section 14–51–302 to be adopted by the City Board of Directors. In addition, the circuit court did not err in concluding that Chief Honea's letter gave Appellant sufficient notice that his conduct of fleeing from law enforcement officers was the reason for his termination. Section 14–51–301(b)(11)(A) requires only that Appellant's letter of termination state a reason for the discharge. There is no statutory requirement that the letter refer to a specific rule violation.

The order of the circuit court upholding Appellant's termination is affirmed.

GUNTER, J., not participating.