

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–13–4

| | |
|---|---|
| DONNIE FARMER, CHAIR OF THE JACKSONVILLE CIVIL SERVICE COMMISSION<br><br>APPELLANT<br><br>V.<br><br>SCOTT MOON<br>APPELLEE | **Opinion Delivered** October 9, 2013<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION [NO. CV-2012-1016]<br><br>HONORABLE WENDELL GRIFFEN, JUDGE<br><br>APPEAL DISMISSED; CIRCUIT COURT OPINION AND ORDER VACATED |

## JOHN MAUZY PITTMAN, Judge

Appellant is the chairman of the Jacksonville Civil Service Commission. He appeals from a circuit court's declaratory judgment construing the term "three days" as employed in Arkansas Code Annotated section 14–51–308(b)(1) (Supp. 2011) to mean three eight-hour workdays, and directing the Jacksonville Civil Service Commission to allow appellee, a Jacksonville firefighter, a trial regarding his thirty-nine-hour disciplinary suspension. We dismiss the appeal because, under the circumstances here presented, the circuit court lacked jurisdiction to enter the declaratory judgment.

The declaratory-judgment statute is applicable only where there is a present actual controversy, all interested persons are made parties, and justiciable issues are presented; it does not undertake to decide the legal effect of laws upon a state of facts which is future, contingent, or uncertain. *McCutchen v. City of Fort Smith*, 2012 Ark. 452; *Nelson v. Arkansas*

*Rural Medical Practice Loan & Scholarship Board*, 2011 Ark. 491, 385 S.W.3d 762. The declaratory-judgment proceeding is intended to supplement, rather than supersede, ordinary causes of action; thus, it is dependent on, and is not available in the absence of, a justiciable controversy. *Martin v. Equitable Life Assurance Society*, 344 Ark. 177, 40 S.W.3d 733 (2001). Because declaratory-judgment actions supplement rather than replace ordinary causes of action, parties are required to exhaust administrative remedies prior to seeking a declaratory judgment. *Rehab Hospital Services Corp. v. Delta-Hills Health Systems Agency, Inc.*, 285 Ark. 397, 687 S.W.2d 840 (1985).

There are exceptions to the exhaustion requirement, *e.g.*, exhaustion is not required where irreparable injury will result if the complaining party is compelled to pursue administrative remedies, if no genuine opportunity for adequate relief exists, or where an administrative appeal would be futile. *Barr v. Arkansas Blue Cross & Blue Shield, Inc.*, 297 Ark. 262, 761 S.W.2d 174 (1988). However, there is nothing whatsoever in the record to suggest that irreparable injury to appellee was threatened, and the latter two exceptions do not apply where a party has failed to avail himself of available judicial review of the administrative agency's actions. *See Hankins v. McElroy*, 313 Ark. 394, 855 S.W.2d 310 (1993).

Here, Arkansas Code Annotated section 14-51-308(e) expressly provides for an appeal of a municipal civil service commission's decision to the circuit court to be taken by filing a notice of appeal with the commission within thirty days of the decision. Appellee filed no such notice of appeal, however; instead, he filed the present declaratory-judgment action almost four months after the commission's decision. An action for declaratory judgment may



not be utilized as a substitute for an appeal, *see generally* 26 C.J.S. *Declaratory Judgments* § 23 (2013), and this action was nothing more and nothing less than an attempt to obtain judicial review of the agency decision long after the time for seeking such review had expired.

Appeal dismissed; circuit court opinion and order vacated.

WALMSLEY and VAUGHT, JJ., agree.

*Robert E. Bamburg*, for appellant.

*Martin Law Firm*, by: *Aaron L. Martin*, for appellee.