

Cite as 2017 Ark. 161

# SUPREME COURT OF ARKANSAS

No. CV-16-148

| | |
|---|---|
| DON PAUL BALES<br>APPELLANT<br><br>V.<br><br>CITY OF FORT SMITH, ARKANSAS<br>APPELLEE | **Opinion Delivered:** May 4, 2017<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT<br>[NO. 66CV-15-30]<br><br>HONORABLE STEPHEN TABOR, JUDGE<br><br><br>CERTIFIED QUESTION ANSWERED; REMANDED TO THE COURT OF APPEALS. |

**JOHN DAN KEMP, Chief Justice**

We accepted certification of this case from the Arkansas Court of Appeals to answer the question whether the court of appeals has jurisdiction to hear appeals involving the suspension, discharge, or reduction in rank for certain civil-service officers. *See* Ark. Code Ann. § 14-51-308 (Repl. 2013).

The Arkansas Constitution grants to the Arkansas Supreme Court "[s]tatewide appellate jurisdiction." Ark. Const. amend. 80, § 2(D)(1). "The Court of Appeals shall have such appellate jurisdiction as the Supreme Court shall by rule determine and shall be subject to the general superintending control of the Supreme Court." Ark. Const. amend. 80, § 5. Rule 1-2(a) of the Rules of the Supreme Court and Court of Appeals outlines the appellate jurisdiction of this court and the court of appeals. Generally, all cases appealed shall be filed

in the court of appeals except for the types of cases designated in the rule.[1] Among the cases specified to be heard by this court are "[a]ppeals required by law to be heard by the Supreme Court." Ark. Sup. Ct. R. 1–2(a)(8).

The question before us is whether appeals from civil-service commissions under Arkansas Code Annotated section 14–51–308(e) are required by law to be heard by this court. Section 14–51–308 states, in relevant part,

> (e)(1)(A) A right of appeal by the city or employee is given from any decision of the commission to the circuit court within the jurisdiction of which the commission is situated.
>
> . . . .
>
> (2)(A) A right of appeal is also given from any action from the circuit court to the Supreme Court.
>
> (B) The appeal shall be governed by the rules of procedure provided by law for appeals from the circuit court to the Supreme Court.

---

[1] The following cases appealed shall be filed in the supreme court: (a)(1) all appeals involving the interpretation of the Constitution of Arkansas; (2) criminal appeals in which the death penalty or life imprisonment has been imposed; (3) petitions for quo warranto, prohibition, injunction, or mandamus directed to the state, county, or municipal officials or to circuit courts; (4) appeals pertaining to election and election procedures; (5) appeals involving the discipline of attorneys–at–law and or arising under the power of the supreme court to regulate the practice of law; (6) appeals involving the discipline and disability of judges; (7) second or subsequent appeals following an appeal which has been decided in the supreme court; and (8) appeals by law required to be heard by the supreme court. Ark. Sup. Ct. R. 1–2(a)(1)–(8). Any case is subject to reassignment by the supreme court. Ark. Sup. Ct. R. 1–2(b). The supreme court may transfer to the court of appeals any case appealed to the supreme court and may transfer to the supreme court any case appealed to the court of appeals. Ark. Sup. Ct. R. 1–2(d).

SLIP OPINION

The statute was enacted in 1933,[2] long before the legislature was empowered by amendment 58 to the Arkansas Constitution to create and establish the court of appeals.[3] Amendment 58 vested in the supreme court the power to determine the jurisdiction of the court of appeals. Ark. Const. amend. 58; *see Moose v. Gregory*, 267 Ark. 86, 88, 590 S.W.2d 662, 664 (1979) (explaining that amendment 58 entrusted to the supreme court complete responsibility for determining both the initial jurisdiction of the court of appeals and the extent to which its decisions are reviewable). Likewise, amendment 80, which repealed amendment 58, makes clear that the court of appeals "shall have jurisdiction as the supreme court shall by rule determine." *See* Ark. Const. amend. 80, § 5.[4]

Since 2000, civil-service-commission appeals have routinely been filed in the court of appeals absent a jurisdictional exception under Rule 1-2. *See, e.g.*, *Farmer v. Moon*, 2013 Ark. App. 564; *Edgmon v. Little Rock Police Dep't*, 2013 Ark. App. 470; *City of Little Rock v.*

---

[2] *See* Act of Feb. 13, 1933, No. 28, 1933 Acts 65.

[3] Amendment 58, which was approved by voters on November 7, 1978, stated, in relevant part,

> The General Assembly is hereby empowered to create and establish a Court of Appeals and divisions thereof. The Court of Appeals shall have such appellate jurisdiction as the Supreme Court shall by rule determine, and shall be subject to the general superintending control of the Supreme Court.

Effective July 1, 1979, the legislature established the court of appeals. *See* Act of Feb. 23, 1979, No. 208, 1979 Acts 467.

[4] The right of appeal conferred by the legislature in section 14–51–308(e)(2)(A) remains unchanged. The appellate jurisdiction of the court of appeals is determined by this court. *See Ark. Elec. Coop. Corp. v. Ark. Pub. Serv. Comm'n*, 307 Ark. 171, 818 S.W.2d 935 (1991) (stating that this court decides the appellate jurisdiction of the court of appeals, not the legislature).

SLIP OPINION

*Hubbard*, 82 Ark. App. 119, 112 S.W.3d 375 (2003); *Rushing v. El Dorado Civ. Serv. Comm'n*, No. CA 01-857, 2002 WL 31424851 (Ark. App. Oct. 30, 2002) (unpublished); *Green v. Pine Bluff Civ. Serv. Comm'n*, No. CA 01-1357, 2002 WL 1980377 (Ark. App. Aug. 28, 2002) (unpublished); *Dubose v. City of Sherwood Police Dep't*, No. CA 00-1211, 2001 WL 617519 (Ark. App. June 6, 2001) (unpublished). We conclude that civil-service-commission appeals are not required by law to be heard by the supreme court pursuant to Arkansas Supreme Court Rule 1-2(a)(8).

Civil-service-commission appeals pursuant to section 14-51-308(e)(2)(A) shall continue to be filed in the court of appeals unless there is another basis for supreme court jurisdiction under Rule 1-2.[5] Having answered the certified question, we remand this case to the court of appeals.

Certified question answered; remanded to the court of appeals.

*Pinnacle Law Firm, PLLC*, by: *Matthew D. Campbell*, for appellant.

*Daily & Woods, P.L.L.C.*, by: *Colby R. Roe* and *Wyman R. Wade, Jr.*, for appellee.

---

[5] *See, e.g.*, *Lawrence v. City of Texarkana*, 2011 Ark. 42, 378 S.W.3d 127 (stating that supreme court jurisdiction was pursuant to Ark. Sup. Ct. R. 1-2(a)(7) (subsequent appeal following an appeal that has been decided in the supreme court) and 1-2(b)(6) (appeal involving substantial questions of law concerning the interpretation of statutes and regulatory rules)); *Lawrence v. City of Texarkana*, 364 Ark. 466, 221 S.W.3d 370 (2006) (accepting certification of the case from the court of appeals pursuant to Ark. Sup. Ct. R. 1-2(b)(5) (significant issue requiring clarification of the law)); *Clark v. City of Pine Bluff Civ. Serv. Comm'n*, 353 Ark. 810, 120 S.W.3d 541 (2003) (assuming jurisdiction of the case pursuant to Rule 1-2(b)(5) (substantial questions of law concerning the construction of a statute and court rule)).