Cite as 2020 Ark. 184

# SUPREME COURT OF ARKANSAS

No. CV-19-821

| | | |
|---|---|---|
| LEWIS RAY | | Opinion Delivered: May 7, 2020 |
| | APPELLANT | PRO SE APPEAL FROM THE CHICOT COUNTY CIRCUIT COURT [NO. 09CV-19-66] |
| V. | | |
| WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | | HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE |
| | APPELLEE | APPEAL DISMISSED. |

**ROBIN F. WYNNE, Associate Justice**

Appellant Lewis Ray brings this appeal of an order denying his pro se petition for permission to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis that was filed in the circuit court of the county where Ray is incarcerated. Because the circuit court had no jurisdiction to consider the petition, the appeal is dismissed.

In the coram nobis petition, Ray sought to challenge a 2017 judgment in the Ashley County Circuit Court reflecting that Ray had entered, as a habitual offender, negotiated guilty pleas to rape, possession of a controlled substance, and possession of drug paraphernalia. He filed the coram nobis petition—which asked for permission to reinvest jurisdiction in the trial court and set out two grounds for coram nobis relief—along with a petition for leave to proceed in forma pauperis. Although there is no formal order granting Ray pauper status, the trial court appears to have effectively done so when it

entered its order addressing the merits of the coram nobis petition. Ray argues that the circuit court should have granted his in forma pauperis petition, and he alleges that the court did not address the coram nobis petition. Yet, the order clearly notes Ray's allegations from the coram nobis petition and concludes that Ray was not entitled to the writ on the basis of those allegations.[1]

When the judgment of conviction was entered on a plea of guilty or nolo contendere or when the judgment of conviction was not appealed, a petition for writ of error coram nobis is filed directly in the trial court. *Gordon v. State*, 2019 Ark. 344, 588 S.W.3d 342. The essence of the writ of error coram nobis is that it is addressed to the very court that renders the judgment where injustice is alleged to have been done, rather than to an appellate or other court. *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984). A petition for leave to proceed in the trial court must be filed after a judgment has been affirmed on appeal because the trial court can entertain a petition for writ of error coram nobis only after this court grants permission. *Henington v. State*, 2020 Ark. 11, 590 S.W.3d 736.

As noted, Ray entered a guilty plea to the convictions he would challenge, so because the judgment was never appealed, he did not need permission to proceed with a

---

[1]Ray included allegations in the petition that he was incompetent when he was interviewed by the police because he was under the influence of drugs at that time and that the prosecution withheld evidence concerning a physical exam of the rape victim. The petition was filed with a case number for civil proceedings, and it listed the director of the Arkansas Department of Correction, rather than the State of Arkansas, as the respondent, but the circuit court does not appear to have treated the petition as anything other than a petition for writ of error coram nobis.

petition for the writ. Jurisdiction therefore lies in the trial court where Ray was convicted, which in this case is the Ashley County Circuit Court, and any petition for writ of error coram nobis to challenge those convictions must be filed directly in that court and in no other circuit court. *Hill v. Kelley*, 2018 Ark. 118, 542 S.W.3d 852. The Chicot County Circuit Court was without jurisdiction to address a coram nobis petition for Ray's convictions, and this court is without jurisdiction to address his appeal. *Lawrence v. City of Texarkana*, 364 Ark. 466, 221 S.W.3d 370 (2006).

Appeal dismissed.

*Lewis Ray*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.