Cite as 2024 Ark. 97

# SUPREME COURT OF ARKANSAS
**No.** CV–24–13

|  |  |
|---|---|
| CONRAD REYNOLDS; ARKANSAS VOTER INTEGRITY INITIATIVE, INC., INDIVIDUALLY AND ON BEHALF OF RESTORE ELECTION INTEGRITY ARKANSAS, A BALLOT QUESTION COMMITTEE<br><br>PETITIONERS<br><br>V.<br><br>JOHN THURSTON, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE; AND THE STATE BOARD OF ELECTION COMMISSIONERS<br><br>RESPONDENTS | **Opinion Delivered:** May 30, 2024<br><br>AN ORIGINAL ACTION<br><br><br><br>MOTION TO DISMISS GRANTED; COMPLAINT DISMISSED. |

## RHONDA K. WOOD, Associate Justice

This original action requires us to determine the parameters of our original jurisdiction over the sufficiency of citizen-led petitions to amend the Arkansas Constitution. The plain text of the constitution, and our settled case law interpreting it, show that we exercise our original jurisdiction only after the Secretary of State determines the sufficiency of a petition in the first instance. Also, our original jurisdiction does not extend to resolving the constitutionality of statutes regulating the petition-gathering process. Because petitioners fail to allege the requirements of our original jurisdiction, we dismiss the complaint.

## I. *Factual Background*

This original action was brought by Conrad Reynolds; Arkansas Voter Integrity Initiative, Inc.; and Restore Election Integrity Arkansas, a ballot-question committee (collectively "petitioners"). Respondents are John Thurston, in his official capacity as Secretary of State, and the State Board of Election Commissioners.

In November 2023, petitioners submitted two proposed measures to amend the Arkansas Constitution to the Attorney General for approval. One measure would have required elections to be conducted with paper ballots. The other would have changed absentee-voting procedures.

Petitioners submitted the proposals to the Attorney General under Arkansas Code Annotated section 7-9-107 (Supp. 2023). This section requires the sponsors of an initiative petition to submit a draft proposal to the Attorney General before collecting any signatures. Ark. Code Ann. § 7-9-107(a). The draft must include the measure's full text, ballot title, and popular name. Ark. Code Ann. § 7-9-107(b). The Attorney General must either approve the ballot title and popular name, provide an acceptable substitute, or reject the measure outright as misleading. Ark. Code Ann. § 7-9-107(d), (e).

Pursuant to this framework, the Attorney General rejected both measures. As to the paper-ballot measure, the Attorney General found that various provisions were conflicting, unclear, redundant, and contradictory. Op. Ark. Att'y Gen. No. 108 (2023). As to the absentee-voting measure, the Attorney General concluded multiple provisions were ambiguous. Op. Ark. Att'y Gen. No. 109 (2023). The petitioners resubmitted the measures

to the Attorney General in December 2023. The petitioners also submitted the measures to both the Secretary of State and the State Board of Election Commissioners for certification. Yet both the Secretary and the Board refused to examine the sufficiency of the ballot titles and popular names.

The petitioners then filed this original-action complaint. We focus on the first three counts of the complaint.[1] Count one asks this court to independently certify the legal sufficiency of the measures' ballot titles and popular names and order them placed on the November 2024 ballot. The asserted jurisdictional basis for this action is Amendment 80, section 2, of the Arkansas Constitution.

Count two asks us to declare Arkansas Code Annotated section 7-9-107 unconstitutional.[2] Petitioners argue that this section—which requires sponsors to submit the measure to the Attorney General before signatures can be gathered—violates Article 5, section 1 of the Arkansas Constitution. Article 5, section 1 provides that "[t]he sufficiency of all state-wide petitions shall be decided in the first instance by the Secretary of State," with subsequent review to this court. Petitioners claim it is unconstitutional to add another

---

[1]Petitioners also bring a count four and a count five. On count four, petitioners ask for injunctive relief. This count depends entirely on petitioners having obtained relief on one of their first three counts. So, it technically isn't a cause of action or separate count but a request for a remedy. On count five, they asked for expedited consideration. We already dealt with the request for expedited relief. *See Reynolds v. Thurston*, No. CV-24-13 (February 8, 2024) (order removing case from expedited consideration). Thus, only the first three counts involve substantive issues.

[2]This was the recently enacted review framework amended during the 2023 general session. *See* Act 194 of 2023, § 2.

step to this process (approval from the Attorney General) when the constitution does not so provide.

In count three, petitioners ask us to find Arkansas Code Annotated section 7-9-126(e) unconstitutional.[3] This section requires an initiative petition to have signatures from voters from at least fifty counties. Petitioners claim this statute also violates Article 5, section 1, which states that petitions need to have signatures "from at least fifteen counties." Because the statute creates more stringent conditions than the constitution, petitioners argue it is also unconstitutional.

After the complaint was filed, the Attorney General reconsidered the petitioners' two resubmitted measures. The Attorney General certified the absentee-ballot measure, but only after making several edits to the popular name and ballot title. Op. Ark. Att'y Gen. No. 132 (2023). But he still rejected the paper-ballot measure as misleading. Op. Ark. Att'y Gen. No. 133 (2023).

In response to the complaint, respondents filed a motion to dismiss for lack of original jurisdiction and for failure to state a claim. They argue this court's original jurisdiction arises only after the Secretary of State has made a sufficiency determination. And they argue the complaint should be dismissed for failure to state a claim because neither the Board nor the Secretary of State has authority to certify the sufficiency before signatures have been gathered. Finally, the respondents contend that this court lacks original jurisdiction over

---

[3]This section was also amended during the 2023 general session. *See* Act 236 of 2023, § 2.

declaratory-judgment actions and cannot assess the constitutionality of the statutes challenged in counts two and three.

We passed consideration of the motion to dismiss until the full case was submitted to the court. We consider the motion to dismiss first. For the reasons explained below, we grant respondents' motion to dismiss the complaint.

## II. *Law and Analysis*

The respondents' motion to dismiss alleges that this court lacks original jurisdiction over the complaint or that petitioners have failed to state a claim for relief. We address these arguments count by count because the analysis differs for each one. We confine our review to the pleadings. *See Cherokee Nation Bus., LLC v. Gulfside Casino P'ship*, 2023 Ark. 153, at 5, 676 S.W.3d 368, 372.

## A.  Count One

Count one asks this court to determine the sufficiency of the measures' ballot titles and popular names and order that they be placed on the November 2024 ballot. Petitioners assert we have freestanding, original jurisdiction to do this even if no other entity—like the Secretary of State—has made that determination first. Respondents argue we lack original jurisdiction and should dismiss this count.

It is undeniable that this court has original jurisdiction over matters involving the sufficiency of specific ballot titles. No other court can hear the dispute before us. Original jurisdiction is "a court's power to hear and decide a matter before any other court can review the matter." *Black's Law Dictionary* 982 (10th ed. 2014). Original jurisdiction is a court's "power to decide a matter in the first instance." *Spatz v. City of Conway*, 362 Ark.

5

588, 589, 210 S.W.3d 69, 70 (2005). Compare original jurisdiction with appellate jurisdiction, which is "the power of a court to review and revise a lower court's decision." *Black's Law Dictionary* at 980. Our constitution gives this court original jurisdiction over sufficiency of ballot titles; no other court can make these sufficiency determinations first. We do not review another court's determination of sufficiency. Thus, the question is not whether we have original jurisdiction, but when we exercise it.

Two constitutional provisions inform the answer to this. The first, Amendment 7, codified at Article 5, section 1, reserves power for the people of the State of Arkansas to amend the constitution through an initiative and to repeal or adopt legislative measures through a referendum. The people adopted Amendment 7 in 1920. The second provision is Amendment 80, which became effective in 2001. This amendment reorganized Arkansas's judicial branch and delineated this court's original and appellate jurisdiction. Read together and harmoniously, these two amendments allow us to exercise our original jurisdiction over the sufficiency of petitions only after the Secretary of State has made a sufficiency determination in the first instance.

We begin with the text of the relevant amendments. As to the ballot title for state-wide measures, Article 5, section 1 requires petitioners to submit "the exact title to be used on the ballot" to the State Board of Election Commissioners, which shall then certify the title to the Secretary of State. At that point, "[t]he sufficiency of all state-wide petitions shall be decided in the first instance by the Secretary of State, subject to review by the Supreme Court of the State, which shall have *original and exclusive jurisdiction* over all such causes." Ark. Const. art. 5, § 1 (emphasis added). Thus, while we have "original" jurisdiction, we

exercise that jurisdiction only after the Secretary of State has made a sufficiency determination. As a result, we cannot act under this jurisdiction until the Secretary of State has acted.

Amendment 80, which became effective in July 2001, did not change our jurisdiction. Amend. 80 § 21. Amendment 80 provides, among other things, that this court retains original jurisdiction over the sufficiency of petitions; but the amendment does not necessarily couch jurisdiction in terms of reviewing the Secretary of State's certification decision. Instead, Amendment 80 enumerates our various types of jurisdiction, including subdivision (D)(4), which is relevant to our original jurisdiction over sufficiency of petitions:

The Supreme Court shall have:

(1) Statewide appellate jurisdiction;

(2) Original jurisdiction to issue writs of quo warranto to all persons holding judicial office, and to officers of political corporations when the question involved is the legal existence of such corporations;

(3) Original jurisdiction to answer questions of state law certified by a court of the United States, which may be exercised pursuant to Supreme Court rule;

(4) *Original jurisdiction to determine sufficiency of state initiative and referendum petitions and proposed constitutional amendments*; and

(5) Only such other original jurisdiction as provided by this Constitution.

Ark. Const. amend. 80, § 2(D) (emphasis added). Petitioners allege that Amendment 80 expands our original jurisdiction such that we can exercise it even in the absence of a decision from the Secretary of State. Yet this is not true. Amendment 80 provides that any existing and unrepealed provision of the constitution shall remain in effect "unless the provision is in irreconcilable conflict with the provisions of this Amendment." *Id*. at 22(B).

7

And although Amendment 80 explicitly repealed other specific provisions of the constitution, Article 5, section 1 was not specifically repealed. *Id.* § 22. When possible, we read provisions harmoniously and in context with one another. *Forrester v. Daniels*, 2010 Ark. 397, at 7, 373 S.W.3d 871, 875.

We hold that Article 5, section 1 and Amendment 80 are not in irreconcilable conflict, nor do they contradict one another. Both provisions provide us with original jurisdiction over the sufficiency of petitions. Amendment 80 did not remove the requirement that the Secretary of State determine sufficiency "in the first instance." Thus, even under Amendment 80, the Secretary of State must make the initial decision before we can exercise original jurisdiction over the sufficiency of a petition.

This holding finds support in at least three post–Amendment 80 cases. The first was decided in 2002, shortly after Amendment 80 became effective. *Ward v. Priest*, 350 Ark. 345, 86 S.W.3d 884 (2002). *Ward* produced a plurality decision on the merits, but five justices reaffirmed that Article 5, section 1 still provided the basis for the court's original jurisdiction to review petitions, even after the passage of Amendment 80. *Id.* at 352, 86 S.W.3d at 886 (opinion of Imber, J., and Arnold, C.J.); *id.* at 374–75, 86 S.W.3d at 905–06 (opinion of Glaze, Corbin, and Brown, JJ.).[4] In *Forrester*, we held that Amendment 80 did not expand our original jurisdiction over sufficiency to include review of legislatively referred amendments. 2010 Ark. 397, at 9–10, 373 S.W.3d at 876. And in the most recent case, from 2022, we held that the Secretary's decision that a petition was insufficient

---

[4]Two justices thought Amendment 80 expanded our original jurisdiction and displaced Article 5, section 1, as its basis. *Id.* at 380–84, 86 S.W.3d at 897–98 (opinion of Hannah, J., and Holt, S.J.). But this position was a minority view.

8

triggered our original jurisdiction. *Armstrong v. Thurston*, 2022 Ark. 167, at 7, 652 S.W.3d 167, 174 ("We now turn to the sufficiency of the ballot title, which we can review *because* the Secretary of State determined that the proposed ballot measure was insufficient.") (emphasis added).

These cases highlight that we have original jurisdiction over petitions for referendum or initiative. But that jurisdiction occurs only after the Secretary of State determines sufficiency of the petition in the first instance. We accordingly grant respondents' motion to dismiss count one because the Secretary has not yet acted.

## B. Count Two

In count two, petitioners challenge the constitutionality of Ark. Code Ann. § 7-9-107, which provides for early review of the ballot title and popular name by the Attorney General. In this count, petitioners ask for declaratory relief:

> [T]his court should find that Ark. Code Ann. § 7-9-107 violates the Arkansas Constitution because it restricts, inhibits, infringes, and/or makes the exercise of the right to initiative more difficult or otherwise less accessible to the people in contravention of the Constitution's plain purpose and intent.

In other words, we are asked to declare Ark. Code Ann. § 7-9-107 unconstitutional and enjoin its further application.

In their motion to dismiss, the respondents argue we lack original jurisdiction to issue a declaratory judgment about the constitutionality of a statute regulating the petition process. According to respondents, our jurisdiction over count two is appellate only; petitioners must first proceed with count two in circuit court. Petitioners maintain section 7-9-107 impedes their ability to collect signatures and that they need a declaration that it is unconstitutional so they can move forward with the signature-gathering process.

9

Respondents are correct that actions for declaratory judgment originate in circuit court. Circuit courts have been established as "trial courts of original jurisdiction of all justiciable matters not otherwise assigned pursuant to this Constitution." Ark. Const. amend. 80, § 6(A). No provision of the constitution grants this court original jurisdiction for declaratory-judgment actions. Amendment 80's discussion of our original jurisdiction makes no reference to petitioners' requested form of relief.

Yet petitioners argue that this court has addressed the constitutionality of a statute in an original action. In that case, the court addressed the constitutionality of a statute when the petitioner argued a need for a direct remedy in an original action. *Armstrong*, 2022 Ark. 167, at 4, 652 S.W.3d at 172. In *Armstrong*, the statute in question gave the State Board of Election Commissioners discretion whether to certify a measure's ballot title and popular name. *Id*. at 3, 652 S.W.3d at 171. After the Secretary of State had approved the signatures for the measure, the Board exercised its discretion under the statute and declined to certify the measure because the ballot title was misleading; as a result, the Secretary declined to certify it. *Id*. The sponsors then filed an original action challenging this decision.

We had original jurisdiction to determine sufficiency and review the Secretary's decision, but tied up with that review was whether the Board had constitutional authority to exercise discretion to find a ballot title misleading and prevent the Secretary of State from certifying it. The constitutionality of the statute was tied directly to the requested remedy in the original action.

Here, petitioners argue there is no difference because, similarly, section 7-9-107 impedes their ability to place measures on the ballot. They contend they also cannot obtain

a sufficiency determination from the Secretary because an unconstitutional statute allows the Attorney General to block their ability to collect signatures. Thus, they argue, as in *Armstrong*, an unconstitutional statute hinders an eventual sufficiency determination by the Secretary and a subsequent original action.

But that's not how the statute reads. The statute does not hinder petitioners' ability to gather signatures. It requires only that the measure be submitted to the Attorney General first:

> Before any initiative petition or referendum petition ordering a vote upon any amendment or act shall be circulated for obtaining signatures of petitioners, the sponsors shall *submit* the original draft with the Attorney General.

Ark. Code Ann. § 7-9-107(a) (emphasis added). Petitioners admit they have submitted the original drafts to the Attorney General. Whether they wait for the Attorney General's approval on their *submitted* language is for them to decide. Whether they find it helpful is up to them. Because we find count two is a request for declaratory relief, it falls outside our original jurisdiction, and we grant the motion to dismiss.

## C. Count Three

Finally, as to count three, we likewise lack original jurisdiction to declare Ark. Code Ann. § 7-9-126(e) unconstitutional. We grant respondents' motion to dismiss this count, too. This statute requires sponsors to obtain signatures from voters in at least fifty counties. But for now, no signatures have been gathered, and none have been submitted to the Secretary of State. Even more so than count two, on this count, petitioners seek a declaration that the statute is unconstitutional long before the Secretary of State has made a sufficiency

11

determination in the first instance. It is the sufficiency determination that triggers our original jurisdiction. Thus, we dismiss this count.

While we recognize it would be helpful to have a determination of the constitutionality of both these statutes on the front end, that process could have occurred by filing a declaratory-judgment action in the circuit court. *E.g.*, *McDaniel v. Spencer*, 2015 Ark. 94, 457 S.W.3d 641 (addressing through appellate jurisdiction constitutionality of law regulating signature-gathering process). Again, circuit courts have original jurisdiction over declaratory-judgment actions, and we have appellate jurisdiction. Our jurisdiction derives from the Arkansas Constitution, and it grants this court limited original jurisdiction. We cannot expand it.

We hold the complaint did not properly plead a sufficient original action, and we dismiss it in its entirety.

Motion to dismiss granted; complaint dismissed.

KEMP, C.J., and BAKER, HUDSON, and WOMACK, JJ., concur.

**JOHN DAN KEMP, Chief Justice, concurring.** I agree with the majority that the petitioners' original-action complaint should be dismissed, but I write separately because I disagree with its analysis on count two. As the majority correctly states in addressing counts one and three, this court's original jurisdiction is triggered only after the Secretary of State has made a sufficiency determination. *See* Ark. Const. art. 5, § 1. Because a sufficiency determination has not yet occurred, we have no original jurisdiction to address the constitutionality of *any* statutes. This case is distinguishable from *Armstrong v. Thurston*, 2022 Ark. 167, at 4–7, 652 S.W.3d 167, 172–74, in which this court addressed a challenge to the

12

constitutionality of a statute in an original action. In *Armstrong*, the Secretary's sufficiency determination had triggered our original jurisdiction to review the legal sufficiency of the ballot title, and "we [could not] appropriately dispose of [the] case without addressing the constitutionality of the statute at issue." *Id*. at 4, 652 S.W.3d at 172. That is not the case here, because a sufficiency determination has not been made. Thus, I respectfully concur on count two.

BAKER and HUDSON, JJ., join.

**SHAWN A. WOMACK, Justice, concurring.** I join the majority opinion in full. Yet I write separately to explain how doing so adheres to the mandate of article 5, section 20 of the Arkansas Constitution. The State can never properly be a defendant in any of its courts without an express constitutional provision.[1] Perhaps the most common exceptions to this general rule are illegal-exaction claims and petitions for habeas corpus relief.[2] Yet another constitutionally enshrined exception to this general rule is this court's ability to make sufficiency determinations of state-initiative and referendum petitions as well as proposed constitutional amendments.[3] Originally, this authority was derived solely from

---

[1] *See Thurston v. League of Women Voters of Ark.*, 2022 Ark. 32, at 17, 639 S.W.3d 319, 327 (Womack, J., dissenting).

[2] *See* Ark. Const. article 2, § 11; article 16, § 13; *see also*, *Rutledge v. Remmel*, 2022 Ark. 86, at 10, 643 S.W.3d 5, 11 (Womack, J., concurring); *Kimbrough v. Grieve*, 2024 Ark. 34, at 15, 685 S.W.3d 225, 234 (Womack, J., dissenting).

[3] Notably, amendment 80, section 22(g) of the Arkansas Constitution is not applicable here. Section 22(g) is the "repealer" provision of amendment 80. It applies only when there is an irreconcilable conflict between other provisions of the constitution and provisions

article 5, section 1 of our constitution. However, this changed when voters adopted amendment 80 in 2000. Now, this authority is also found in amendment 80, section 2(D)(4) of our constitution.[4] Because our constitution expressly allows the State to be made a defendant in this context, sovereign immunity is not implicated in the present case.

For these reasons, I respectfully concur.

*Lancaster Law Firm, PLLC*, by: *Clinton W. Lancaster*, for petitioners.

*Tim Griffin*, Att'y Gen., by: *Justin Brascher*, Ass't Att'y Gen., for respondents.

We the People of Arkansas as Amicus Curiae for petitioners.

---

in amendment 80. None exist here between article 5, section 1 and amendment 80, section 2(D)(4) because the two provisions are harmonious.

[4]*See Armstrong v. Thurston*, 2022 Ark. 167, at 17, 652 S.W.3d 167, 179 (Womack, J., concurring) ("This court has express, constitutional authority to review the Secretary of State's sufficiency determination. Ark. Const. art. 5, § 1.").