Cite as 2024 Ark. 124

# SUPREME COURT OF ARKANSAS

**No.** CV–24–453

| | | |
|---|---|---|
| OSCAR STILLEY | PETITIONER | **Opinion Delivered:** September 5, 2024 |
| V. | | AN ORIGINAL ACTION |
| JOHN THURSTON, IN HIS OFFICIAL CAPACITY AS ARKANSAS SECRETARY OF STATE; AND ARKANSANS FOR LIMITED GOVERNMENT | RESPONDENTS | <u>MOTION TO DISMISS GRANTED</u>. |

**PER CURIAM**

Oscar Stilley filed this original action under article 5, section 1 of the Arkansas Constitution and Arkansas Code Annotated section 7-9-112 (Supp. 2023). At issue is Arkansas Secretary of State John Thurston's (Secretary's) decision rejecting certification of the Arkansas Abortion Amendment of 2024 to the November ballot. Stilley's complaint contains four counts: (1) the Secretary is obligated to count all signatures submitted by Arkansans for Limited Government (AFLG) in support of the abortion amendment and determine whether a cure period is required; (2) Act 236 of 2023 is unconstitutional, and the Secretary should be enjoined from enforcing it; (3) Act 1413 of 2013 is unconstitutional, and the Secretary should be enjoined from enforcing it; and (4) AFLG complied with the provisions of Act 1413 of 2013.

In response, the State moved to dismiss on the basis of Stilley's lack of standing to bring this action because he was not lawfully registered to vote and jurisdiction. We agree and dismiss the petition.[1]

## I. *Background*

Following the Secretary's rejection of the initiated ballot petition on the amendment, Stilley filed his original action with this court on July 16, 2024, challenging the Secretary's decision. He asserted that the Secretary failed to count all signatures submitted by AFLG, that certain acts of the General Assembly relating to the initiative and referendum process are unconstitutional and, alternatively, that AFLG complied with Arkansas law when submitting its petition. The State moved to dismiss Stilley's petition, asserting that this court lacked jurisdiction over the matter and that Stilley was not entitled to relief on the merits. In addition, the State alleged that Stilley lacked standing to bring this action because he was not lawfully registered to vote.

Because the State's allegation required findings of fact, we appointed the Honorable Gary Arnold as special master to conduct a hearing and make findings of fact regarding the validity of Stilley's voter registration. On August 26, 2024, we received the special master's report. The special master found that in 2009, Stilley was found guilty of one count of conspiracy to defraud the United States and two counts of tax evasion, each count a felony offense. Stilley was sentenced to 180 months' imprisonment and, upon release, a term of three years' supervision. In 2022, Stilley was found to be in violation of the conditions of

---

[1]Stilley moved to dismiss respondent AFLG as a party to this action. Our decision today renders that motion moot.

his supervised release and committed for a term of three months' imprisonment and a term of thirty-three months' supervision. The term of supervised release commenced August 10, 2022. The special master found that, at all times since April 23, 2010, Stilley has either been imprisoned or subject to supervised release, has not been pardoned, and currently remains on supervised release. On his July 2024 Arkansas Voter Registration Application, Stilley attested that he had never been convicted of a felony without the sentence being discharged or pardoned.[2] The Crawford County Clerk accepted the application, and a voter registration card was prepared for Stilley. The special master found that Stilley's appeals have been denied and that all judgments are final.

Under our standard of review, we will accept the special master's findings of fact unless they are clearly erroneous. *Roberts v. Priest*, 334 Ark. 503, 975 S.W.2d 850 (1998). A finding of fact is clearly erroneous, even if there is evidence to support it, when, based on the entire evidence, the court is left with the definite and firm conviction that the special master has made a mistake. *Id*. Finding no error in the special master's report, we hereby adopt his findings of fact.[3]

## II. *Counts I and IV*

We have jurisdiction over Counts I and IV as they relate to the Secretary's actions and decisions in his sufficiency determination of the initiated ballot petitions. *See* Ark. Const. art. 5, § 1. Because Counts I and IV pertain to the Secretary's sufficiency determination, we

---

[2]Stilley wrote the following statement on his application: "I have not been lawfully convicted of a felony by a lawful court."

[3]Stilley filed an objection to the special master's report; however, we are unpersuaded by his assertions therein.

address them together. Under Arkansas law, either the sponsor of the statewide initiative petition or a registered voter may challenge the Secretary's decision finding a petition insufficient. Ark. Code Ann. § 7-9-112(a). In his petition, Stilley claimed standing to bring this action as a registered voter. However, as the special master found, Stilley was convicted of a felony in 2009, which should have resulted in the cancellation of his voter registration. *See* Ark. Const. amend. 51, § 11(a)(4) (requiring permanent registrar of the county to cancel the voter registration of a convicted felon). And because Stilley has not completed his term of supervised release, he remains ineligible to register to vote. *See* Ark. Const. amend. 51, § 11(d) (requiring that a convicted felon be discharged from probation or parole and that he satisfy all terms of imprisonment before becoming eligible to vote). We therefore find that Stilley was ineligible to vote and that he was dishonest on his Arkansas Voter Registration Application when he attested that he had never been convicted of a felony. As Stilley is not a lawfully registered voter, he lacks standing under section 7-9-112 to challenge the Secretary's sufficiency determination. We dismiss Counts I and IV.

### III. *Counts II and III*

We address Counts II and III together as they are both constitutional challenges to acts of the General Assembly. Article 5, section 1 of the Arkansas Constitution provides this court with original jurisdiction over initiative petitions, whereas circuit courts were established under Amendment 80 as "trial courts of original jurisdiction of all justiciable matters not otherwise assigned pursuant to this Constitution." Ark. Const. amend. 80, § 6(A). In his petition, Stilley asks this court to declare Act 236 of 2023 and Act 1413 of 2013 unconstitutional and enjoin its further application. However, in *Reynolds v. Thurston*, we

4

noted that actions for declaratory judgment originate in the circuit court, including challenges similar to the ones Stilley now asserts. 2024 Ark. 97, at 10–12, 689 S.W.3d 48, 53–55. Accordingly, Counts II and III fall outside our original jurisdiction, and we dismiss.

IV.  *Conclusion*

In conclusion, we grant the State's motion to dismiss. Counts I and IV are dismissed because Stilley lacked standing to file this petition. Counts II and III are dismissed because we lack original jurisdiction to declare Act 236 of 2023 and Act 1413 of 2013 unconstitutional. Additionally, we refer the special master's report to the Crawford County Clerk and the prosecuting attorney for the Twenty-First Judicial District.

Motion to dismiss granted.

Mandate to issue immediately.

BAKER, J., not participating.

*Oscar Stilley*, pro se petitioner.

*Tim Griffin*, Att'y Gen., by: *Nicholas J. Bronni*, Solicitor Gen.; *Dylan L. Jacobs*, Dep. Solicitor Gen.; *Asher Steinberg*, Sr. Ass't Solicitor Gen.; *Christine A. Cryer*, Sr. Ass't Att'y Gen.; and *Justin Brascher*, Ass't Att'y Gen., for respondent John Thurston.

*Shults Law Firm*, by: *Peter Shults*, *Amanda Orcutt*, and *Steven Shults* for respondent Arkansans for Limited Government.