Cite as 2024 Ark. 148

# SUPREME COURT OF ARKANSAS
**No.** CV-24-644

| | |
|---|---|
| TRACEY MITCHELL, IN HER OFFICIAL CAPACITY AS COUNTY CLERK OF INDEPENDENCE COUNTY, ARKANSAS<br><br>APPELLANT<br><br>V.<br><br>BRYAN NORRIS<br><br>APPELLEE | **Opinion Delivered:** October 17, 2024<br><br>APPEAL FROM THE INDEPENDENCE COUNTY CIRCUIT COURT [NO. 32CV-24-271]<br><br>HONORABLE HOLLY MEYER, JUDGE<br><br><u>AFFIRMED</u>. |

**BARBARA W. WEBB, Justice**

At issue is Independence County Clerk Tracey Mitchell's decision rejecting a countywide ballot initiative for a proposed ordinance requiring all elections within the county to be conducted with paper ballots. The circuit court entered an order directing Mitchell to certify the measure as sufficient. Mitchell now appeals, arguing that the measure's ballot title is insufficient because it both omits and misstates material information that could lead voters to enact an ordinance that conflicts with Arkansas law. We affirm.

Bryan Norris submitted a countywide ballot initiative that would have required elections in Independence County to be conducted with paper ballots. Mitchell rejected the measure on the basis of her finding that the ballot title was misleading. In response, Norris filed in the circuit court a petition for writ of mandamus and declaratory and injunctive relief challenging Mitchell's decision. Following a hearing on the petition, the circuit court entered an order finding the ballot title and popular name to be legally sufficient. It granted

the petition for writ of mandamus and directed Mitchell to certify the ballot initiative to the Independence County Board of Election Commissioners. The circuit court also enjoined Mitchell from rejecting the measure. This appeal followed.

The sufficiency of a ballot title is a matter of law to be decided by this court. *Armstrong v. Thurston*, 2022 Ark. 167, at 8, 652 S.W.3d 167, 174. We recognize that the burden of proof is on the party challenging the ballot title to prove that it is misleading or insufficient. *Knight v. Martin*, 2018 Ark. 280, at 7, 556 S.W.3d 501, 507. The ballot title must be an impartial summary of the proposed amendment, and it must give voters a fair understanding of the issues presented and the scope and significance of the proposed changes in the law. *Stiritz v. Martin*, 2018 Ark. 281, at 4, 556 S.W.3d 523, 527. Importantly, the ballot title need not contain a synopsis of the proposed ordinance or cover every detail of it. *See Rose v. Martin*, 2016 Ark. 339, at 4, 500 S.W.3d 148, 151. Our most significant rule in determining the sufficiency of the ballot title is that it be given liberal construction and interpretation in order that it secure the purposes of reserving to the people the right to adopt, reject, approve, or disapprove legislation. *May v. Daniels*, 359 Ark. 100, 107, 194 S.W.3d 771, 777 (2004).

The ballot title submitted by Norris reads as follows:

> An Ordinance that requires all elections in this County, except for only those voters with disabilities who may continue to use a voting machine, be conducted with secure paper ballots containing inherent security features designed to prevent unauthorized duplication; with vote selections marked by hand using permanent ink placed directly on the ballot by the voter in a manner which continues to both insure and ensure the secrecy of the votes cast on the ballot and the anonymity of the voter casting the ballot; requiring that the certification of all elections be based on a hand count of the votes performed and verified by human intelligence; and directing the Quorum Court to allocate funding to effectuate and implement the terms of this Ordinance.

Mitchell first argues that the ballot title is misleading because it fails to disclose to voters that it conflicts with existing election statutes. She notes that the ballot title requires "the certification of all elections based on a hand count of the votes performed and verified by human intelligence," yet state law requires paper ballots to first be "run through a tabulation device before any hand count is conducted." Ark. Code Ann. § 7–5–603(1)(A) (Supp. 2023). And "[i]f the hand count of paper ballots is not completed a minimum of twenty-four (24) hours before the certification deadline, the machine tabulated results under subdivision (1) of this section shall be the certified results of the election." Ark. Code Ann. § 7–5–603(4)(B)(ii). Thus, according to Mitchell, the ballot title misleads voters into believing that no technology will be used in the casting, counting, and certifying of votes when, in fact, a tabulation device will be utilized to certify the election result if a hand count cannot be completed within twenty-four hours of the certification deadline.

We have expressly noted that a ballot title need not include every possible consequence or impact of a proposed measure, and it need not cover or anticipate every possible legal argument the proposed measure might evoke. *Conway v. Martin*, 2016 Ark. 322, at 5, 499 S.W.3d 209, 212. Also, a ballot title is not required to account for every possible occurrence that might impose some effect upon the ordinance's operation, particularly those that are speculative. *See Stiritz*, 2018 Ark. 281, at 8, 556 S.W.3d at 529. Here, Mitchell's speculative contention that an electronic tabulation *may* occur under certain circumstances does not mislead the public about the ordinance's purpose and scope, which is to require the use of paper ballots and hand counting in all elections within Independence County.

3

In addition, Mitchell asserts that the ballot title misleads voters into believing that, under existing Arkansas law, votes may be cast using only paper ballots despite the fact that Arkansas Code Annotated section 7-5-301 authorizes three distinct methods for casting and counting votes. She bases this assertion on language, not from the ballot title, but instead from the proposed ordinance: "Pursuant to Ark. Code Ann. § 7-5-301(a)(3), Independence County, Arkansas, shall, except for disabled voters who choose to use a voting machine, conduct all public elections by the people in this county by a secure paper ballot[.]"

Mitchell asks this court to pass on the sufficiency of the ordinance, which exceeds the purview of our review. We have acknowledged that, under article 5, section 1 of the Arkansas Constitution, three types of sufficiency determinations arise during the ballot-initiative process. The first involves the sufficiency of the ballot name and title. *See Knight, supra.* The second concerns the facial validity of the petition upon submission. *Ark. Hotels & Entm't, Inc. v. Martin*, 2012 Ark. 335, 423 S.W.3d 49. And the third involves the sufficiency of the petition during the signature-verification process. *Zook v. Martin*, 2018 Ark. 306, 558 S.W.3d 385. Accordingly, we cannot review whether the text of the proposed ordinance itself misleads the voters.

In conclusion, Mitchell has not met her burden of proving that the ballot title is insufficient. As such, we affirm the circuit court's order directing Mitchell to certify the measure as sufficient to the county election board.

Affirmed.

Mandate to issue immediately.

*Daniel R. Haney*, for appellant.
*Lancaster Law Firm, PLLC*, by: *Clinton W. Lancaster*, for appellee.