Cite as 2026 Ark. 91

# SUPREME COURT OF ARKANSAS

**No.** CV–26–116

BRYAN NORRIS, ON BEHALF OF
HIMSELF AND ALL SIMILARLY
SITUATED PERSONS; ARKANSAS
VOTER INTEGRITY INITIATIVE,
INC.; AND RESTORE ELECTION
INTEGRITY ARKANSAS, A BALLOT
QUESTION COMMITTEE
                                                    APPELLANTS


V.


INDEPENDENCE COUNTY,
ARKANSAS; TRACEY MITCHELL,
IN HER OFFICIAL CAPACITY AS
COUNTY CLERK; JENNIFER
EMERY, FRANCES HAIGWOOD,
AND WENDY HENRY, EACH IN
THEIR OFFICIAL CAPACITIES AS
ELECTION COMMISSIONERS; AND
JOHNATHAN ABBOTT, CLIFF
BARNETT, BRAD COVINGTON,
BRENT HENDERSON, KENNY
HURLEY, JOHNNY MCMULLIN,
TAMMY PEARCE, DENNIS
STEPHENS, AND TIM STEWART,
EACH PERSONALLY AND IN THEIR
OFFICIAL CAPACITIES AS JUSTICES
OF THE PEACE
                                                    APPELLEES


AND


STATE OF ARKANSAS EX REL. TIM
GRIFFIN, IN HIS OFFICIAL
CAPACITY AS ATTORNEY
GENERAL OF ARKANSAS
                          INTERVENOR–APPELLEE

**Opinion Delivered:** April 30, 2026

APPEAL FROM THE
INDEPENDENCE COUNTY
CIRCUIT COURT
[NO. 32CV-26-55]

HONORABLE TIM WEAVER, JUDGE

REVERSED AND REMANDED.

**CODY HILAND, Associate Justice**

This case presents a significant constitutional question concerning the Arkansas General Assembly's authority to create, expand, or diminish the jurisdiction of Arkansas courts. Bryan Norris challenges Act 975 of 2025[1] under Amendment 80 of the Arkansas Constitution and the separation of powers doctrine. In Act 975, the General Assembly purported to strip Arkansas circuit courts of their constitutionally assigned original jurisdiction over facial constitutional challenges to state laws and confer that jurisdiction solely on the Arkansas Court of Appeals—a constitutionally limited appellate court. The Arkansas Constitution alone forecloses that effort. Amendment 80 preserves the original jurisdiction of the circuit courts, confines the court of appeals to appellate jurisdiction, and vests this court with authority over the judiciary. Act 975 contravenes those constitutional limits. It is therefore unconstitutional, and we reverse and remand for further proceedings consistent with this opinion.

## I. *Factual and Procedural Background*

In 2024, voters in Independence County enacted a new ordinance requiring elections to be conducted using hand-marked, hand-counted paper ballots.[2] The first election under this new process was set for the March 2026 primary. After more than a

---

[1]Codified at Ark. Code Ann. § 16-13-201(a) (Supp. 2025); *see also* Ark. Sup. Ct. R. 1-2 and 2-4(b) & (d) (West 2026). We note that the versions of Rules 1-2 and 2-4 reflecting section 16-13-201(a) appear only in post-November 1, 2025, publications.

[2]We recently opined on the initial validity of this ballot measure in *Mitchell v. Norris*, 2024 Ark. 148, 698 S.W.3d 361, holding that the ballot title was sufficient and affirming the circuit court's order to certify the measure to the Independence County Election Board.

year, however, the Independence County Quorum Court voted to rescind the ordinance pursuant to its authority under Arkansas Code Annotated section 14-14-918(b).[3]

On February 6, 2026, Bryan Norris filed suit against Independence County, as well as the election commissioners and justices of the peace who permitted the rescission of the ordinance. His complaint asserted four claims: (1) that the quorum court lacked authority to nullify a successful citizen-led initiative; (2) that Arkansas Code Annotated section 14-14-918(b) is facially unconstitutional; (3) that the quorum court's actions violated the Arkansas Civil Rights Act of 1993; and (4) that a writ of mandamus should issue compelling enforcement of the voter-adopted ordinance.

The county moved to dismiss Norris's claims, relying on Act 975 of 2025, which provides in pertinent part:

> (a)(1) Except as provided in subdivision (a)(2) of this section, circuit courts shall have original jurisdiction of all justiciable matters not otherwise assigned pursuant to the Arkansas Constitution.
>
> (2) The Court of Appeals shall have *exclusive original jurisdiction over a facial constitutional challenge in which a party seeks* in the party's initial or amended pleading *to have a provision of an act of the General Assembly, a provision of the Arkansas Code, or a provision of an administrative rule or regulation declared unconstitutional* in all of its applications under the United States Constitution or the Arkansas Constitution.

Ark. Code Ann. § 16-13-201(a) (Supp. 2025) (emphasis added). In its briefing below, however, the County did not cite Act 975 directly. Instead, it pointed to a version of

---

[3]"No measure approved by a vote of the electors shall be amended or repealed by a quorum court except by affirmative vote of two-thirds (2/3) of the whole number of justices [of the peace] comprising a [quorum] court." Ark. Code Ann. § 14-14-918(b) (Repl. 2013).

Arkansas Supreme Court Rule 1-2(a), asserting that the court of appeals holds "exclusive original jurisdiction" over such claims:

> In the case at hand, [Norris] makes a facial constitutional challenge in his initial complaint to have a provision of the Arkansas Code − Ark. Code Ann. § 14-14-918 − declared unconstitutional[.] However, Rule 1-2(a) of the Arkansas Supreme Court and Court of Appeals Rules states that "'(t)he Court of Appeals shall have exclusive original jurisdiction over a facial constitutional challenge . . . to have a provision of the Arkan [(sic)] Code . . . declared unconstitutional[.]'" ARK. SUP. CT. R. 1-2(a) (West 2026).

In a footnote, the County acknowledged that the asserted rule change stems from Act 975 and further acknowledged that it has not yet been adopted by this court—but maintained that no such adoption is required because, in its view, Amendment 80, section 10 vests the General Assembly with authority to effect that change independently:

> Rule 1-2 of the Rules of the Supreme Court and Court of Appeals of Arkansas to give the Arkansas Court of Appeals original jurisdiction for facial constitutional challenges was amended by the Arkansas State Legislature pursuant to Act 975 (H.B. 1832) during the 2025 regular session, which became effective November 1, 2025. Defendants note that this amendment *has not yet been adopted by an order of the Supreme Court of Arkansas.* However, pursuant to Amendment 80, § 10 of the Arkansas Constitution, . . . there does not appear to be a provision requiring the Arkansas Supreme Court to adopt the amendment to Rule 1-2. Nonetheless, the [County Appellees] wish to note that the Rule [change] has not yet been adopted [by the Arkansas Supreme Court].

(Emphasis added.) Norris then challenged the constitutionality of Act 975.

After a hearing on February 18, the circuit court dismissed Norris's entire case for lack of subject-matter jurisdiction pursuant to Act 975. Norris filed his notice of appeal the next day, narrowing his request to a single issue: the constitutionality of Act 975. Four days later, he lodged the appeal in this court along with a motion for expedited consideration.

4

Following briefing on the motion to expedite and related relief, this court denied the requested relief but granted expedited consideration so the case can be decided this term—though not before the imminent primary election, which was then only four days away. We address the issue now after full briefing and oral argument by the parties.

## II.  *Constitutionality of Act 975 of 2025*

This is an appeal from a circuit court's order dismissing a complaint for lack of subject-matter jurisdiction under Act 975 of 2025.  Because the circuit court's dismissal under Act 975 involves a pure question of law, our review is de novo.  *State v. Good Day Farm Ark., LLC*, 2025 Ark. 207, at 6, 725 S.W.3d 1, 5 (citing *Corbitt v. Ark. State Univ.*, 2024 Ark. 44, at 3, 685 S.W.3d 901, 903; *Cherokee Nation Bus., LLC v. Gulfside Casino P'ship*, 2023 Ark. 153, at 5, 676 S.W.3d 368, 372).[4]

Acts of the General Assembly are presumed constitutional, and the challenger of the act bears the burden of proving otherwise.  *Thurston v. League of Women Voters of Ark.*, 2024 Ark. 90, at 6, 687 S.W.3d 805, 811.  An act will be struck down only when there is clear incompatibility between the act and the constitution.  *Id.*, 687 S.W.3d at 811; *Ward v. Hutchinson*, 2018 Ark. 313, at 9, 558 S.W.3d 856, 862.  As a preliminary note, both the State's and the County's briefs seem to argue that Norris failed to make arguments regarding

---

[4]We briefly address a potential threshold concern.  At first glance, one might assume this case belongs in the court of appeals because it involves a facial constitutional challenge to an act of the General Assembly—raising the unusual prospect, and indeed the very premise of Act 975, that the court of appeals would determine its own jurisdiction over facial constitutional challenges.  We do not ignore the possibility that Act 975's constitutionality could arise in the ordinary course of an appeal and initially be presented to the court of appeals for its determination on that question.  But that is not this case.  This case involves the interpretation of the Arkansas Constitution, presents issues of first impression, and carries substantial public interest—grounds independently warranting our review.  *See* Ark. Sup. Ct. R. 1-2(b)(1), (c)(1), (4) & (6).

preservation of this constitutional issue below and that it is, therefore, unpreserved for our review. When subject–matter jurisdiction is at issue, we are not limited to the parties' arguments asserted below. We have long held that this issue may be raised at any time. *Coones v. State*, 280 Ark. 321, 322, 657 S.W.2d 553, 555 (1983) ("Subject matter jurisdiction is always open, cannot be waived, can be questioned for the first time on appeal, *and can even be raised by this court*.") (emphasis added); *Edwards v. Edwards*, 2009 Ark. 580, at 8, 357 S.W.3d 445, 450; *Herron v. Ark. Dep't of Corrs.*, 2022 Ark. 220, at 3, 655 S.W.3d 518, 519.[5]

### A. Amendment 80, Section 10's Authority Is Limited

The State and the County argue that section 10 of Amendment 80 provides a workaround to the plain language of sections 5 and 6(A), which constitutionally fix the jurisdiction of Arkansas courts. Amendment 80, section 10 does not grant the General Assembly unfettered authority to define the jurisdiction of Arkansas courts. Its grant of power is expressly conditional and subordinate to other constitutional provisions that speak to jurisdiction. When the constitution itself fixes jurisdiction, the General Assembly's authority must yield.

We begin, as we must, with the text of the constitution. Section 10 provides that the General Assembly has the "power to establish jurisdiction of all courts and venue of all actions therein, *unless otherwise provided in this Constitution*[.]" Ark. Const. amend. 80, § 10

---

[5]The State Appellee's and County Appellees' briefing raises a litany of additional arguments—constitutional history, statutory and sovereign immunity, insufficiency of process and service, personal jurisdiction, venue, and pleading sufficiency—that are not currently before us. The circuit court did not rule on these potential threshold issues below. Accordingly, we decline to address them in the first instance. *Ark. Lottery Comm'n v. Alpha Mktg.*, 2012 Ark. 23, at 7, 386 S.W.3d 400, 404 ("We have held that we will not review a matter on which the circuit court has not ruled, *and a ruling should not be presumed*."). On remand, the parties may litigate those matters in due course.

(emphasis added). The State's argument depends on reading only the first half of that sentence. But the limiting clause controls: legislative authority exists only where the constitution has not already spoken. Here, it has.

Sections 5 and 6(A) of Amendment 80 directly address the jurisdiction of the court of appeals and the circuit courts. First, section 5 provides that the court of appeals "shall have such *appellate jurisdiction* as the Supreme Court shall by rule determine." Ark. Const. amend. 80, § 5 (emphasis added).[6] The negative-implication canon offers guidance here: "The express designation of one thing may properly be construed to mean the exclusion of another." *See* Scalia & Garner, *Reading Law: The Interpretation of Legal Texts* 107 (2012); *see also Buonauito v. Gibson*, 2020 Ark. 352, at 8, 690 S.W.3d 381, 386 (Wood, J., concurring in part). And while that canon must be applied with care, as the State aptly suggests, the text here leaves no room for doubt. The framers of Amendment 80 could not have been clearer. The court of appeals "shall have . . . appellate jurisdiction." The inclusion of that word excludes original jurisdiction absent express constitutional authorization.

---

[6]Our precedent—both from this court and the court of appeals—confirms this understanding of section 5 and the limited role of our rules in defining appellate jurisdiction: *See Bales v. City of Fort Smith*, 2017 Ark. 161, at 1–2, 518 S.W.3d 76, 77 ("'The Court of Appeals shall have such appellate jurisdiction as the Supreme Court shall by rule determine and shall be subject to the general superintending control of the Supreme Court.' Ark. Const. amend. 80, § 5. Rule 1-2(a) of the Rules of the Supreme Court and Court of Appeals outlines the appellate jurisdiction of this court and the court of appeals. Generally, all cases appealed shall be filed in the court of appeals except for the types of cases designated in the rule."); *Bridgeman v. State*, 2017 Ark. App. 321, at 1–2, 525 S.W.3d 459, 460–61 ("Pursuant to [Amendment 80's] grant of authority, our supreme court has outlined our courts' respective appellate jurisdiction in Rule 1-2[.]"); *Brock v. Eubanks*, 102 Ark. App. 165, 169G n.1, 288 S.W.3d 272, 279–80 n.1 (2008) (Pittman, J., dissenting) ("Amendment 80, section 5 of the Arkansas Constitution vests in the Arkansas Supreme Court exclusive authority to determine the jurisdiction of the Arkansas Court of Appeals[.]").

7

This conclusion finds further support in section 19(C) of Amendment 80. That provision shows an intent for the appellate jurisdiction of the court of appeals to remain continuous before and after the passage of Amendment 80: "The Court of Appeals shall be regarded as a continuation of the Court of Appeals now existing." Ark. Const. amend. 80, § 19(C). In other words, the court of appeals remains the same type of court it has been since its creation was first authorized by Amendment 58 in 1978—a court of appellate jurisdiction. *See Bales v. City of Fort Smith*, 2017 Ark. 161, at 3 n.3, 518 S.W.3d 76, 78. That court was created to assist this court in deciding its appellate caseload, not to wield original jurisdiction over matters in the first instance. *See Moose v. Gregory*, 267 Ark. 86, 89, 590 S.W.2d 662, 664 (1979). Amendment 80 thus intended for this division of appellate labor to carry over even after its passage.

Second, section 6(A) establishes circuit courts as "the trial courts of *original jurisdiction of all justiciable matters* not otherwise assigned pursuant to this Constitution." Ark. Const. amend. 80, § 6(A) (emphasis added).[7] "Original jurisdiction is 'a court's power to hear and

---

[7]Since the passage of Amendment 80 in 2000, this court has consistently reiterated that section 6 assigns original jurisdiction over all justiciable matters to circuit courts unless otherwise provided in the constitution. *See Rolfe v. State*, 2026 Ark. 4, at 6, 726 S.W.3d 589, 593; *Taylor v. Ferguson*, 2025 Ark. 180, at 15, 722 S.W.3d 498, 507; *Comstock v. State*, 2024 Ark. 112, at 6, 689 S.W.3d 652, 656; *Reynolds v. Thurston*, 2024 Ark. 97, at 10, 689 S.W.3d 48, 53; *Kimbrough v. Grieve*, 2024 Ark. 34, at 7–10, 685 S.W.3d 225, 229–31; *Jackson v. Payne*, 2022 Ark. 10, at 3, 636 S.W.3d 765, 767; *Heritage Props. Ltd. P'ship v. Walt & Lee Keenihan Found., Inc.*, 2019 Ark. 371, at 9, 590 S.W.3d 126, 132; *C.H. v. State*, 2010 Ark. 279, at 9, 365 S.W.3d 879, 883; *Foster v. Hill*, 372 Ark. 263, 266, 275 S.W.3d 151, 154 (2008); *Edwards v. Nelson*, 372 Ark. 300, 302–03, 275 S.W.3d 158, 161 (2008); *Ellis v. Reynolds*, 368 Ark. 572, 576, 247 S.W.3d 845, 848–49 (2007); *Noble v. Norris*, 368 Ark. 69, 72, 243 S.W.3d 260, 262 (2006); *Ouachita R.R., Inc. v. Cir. Ct. of Union Cnty.*, 361 Ark. 333, 340 n.3, 206 S.W.3d 811, 813 n.3 (2005); *First Nat'l Bank of DeWitt v. Cruthis*, 360 Ark. 528, 533, 203 S.W.3d 88, 91–92 (2005); *State Game & Fish Comm'n v. Sledge*, 344 Ark. 505, 513 n.3, 42 S.W.3d 427, 432 n.3 (2001).

decide a matter before any other court can review the matter.'" *Reynolds v. Thurston*, 2024 Ark. 97, at 5, 689 S.W.3d 48, 51 (quoting *Black's Law Dictionary* 982 (10th ed. 2014)). Thus, "[o]riginal jurisdiction is a court's 'power to decide a matter in the first instance.'" *Id.* at 5–6, 689 S.W.3d at 51 (quoting *Spatz v. City of Conway*, 362 Ark. 588, 589, 210 S.W.3d 69, 70 (2005)). Compare a circuit court's constitutionally assigned original jurisdiction with the court of appeals' constitutionally restricted appellate jurisdiction, which is 'the power of a court to review and revise a lower court's decision.'" *Id.* at 6, 689 S.W.3d at 51 (quoting *Black's Law Dictionary* 980).

This language is neither ambiguous nor flexible. Sections 5 and 6(A) assign appellate jurisdiction—and nothing more—to the court of appeals and vest original jurisdiction over *all* justiciable matters in the circuit courts, except where the constitution expressly provides otherwise. *See, e.g.*, Ark. Const. art. 7, § 28 (granting county courts exclusive original jurisdiction over local county matters such as taxes, roads, and internal improvements); Ark. Const. amend. 80, § 2(D)(2)–(5) (conferring limited, enumerated original jurisdiction on this court to issue writs of quo warranto, answer certified federal questions of state law, determine the sufficiency of initiative and referendum petitions and proposed constitutional

Similarly, the court of appeals has recognized this principle. *See Bazazzadegan v. Vernon*, 2019 Ark. App. 496, at 6, 588 S.W.3d 796, 800; *Kantor v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App. 402, at 10, 559 S.W.3d 747, 754; *City of Tontitown v. First Sec. Bank*, 2017 Ark. App. 333, at 5, 522 S.W.3d 834, 838; *Williams v. Ark. Dep't of Hum. Servs.*, 2015 Ark. App. 171, at 5, 458 S.W.3d 271, 274; *Standridge v. State*, 2012 Ark. App. 563, at 5–6, 423 S.W.3d 677, 681; *Hooten v. Mobley Law Firm, P.A.*, 2011 Ark. App. 778, at 7, 387 S.W.3d 298, 303; *Passmore v. Hinchey*, 2010 Ark. App. 581, at 7, 379 S.W.3d 497, 500. Other courts have likewise recognized this authority. *See In re Kemp*, 894 F.3d 900, 908–09 (8th Cir. 2018); *Winnett v. Arnold*, 2010 WL 2734219, at \*1 (E.D. Ark. 2010); *McKnight v. Bank of Am.*, 2006 WL 151916, at \*4 (E.D. Ark. 2006); *Hege v. Aegon USA, LLC*, 780 F. Supp. 2d 416, 435–36 (D.S.C. 2011). This principle is well established and consistently reaffirmed in our case law and that of other courts.

amendments, and exercise only such additional original jurisdiction as elsewhere provided in the constitution); Ark. Const. amend. 80, § 7 (establishing district courts as courts of limited, statutorily defined jurisdiction with specified original jurisdiction, including concurrent misdemeanor jurisdiction). Those allocations divesting original jurisdiction from the circuit courts to other courts come directly from the constitution. Act 975 does precisely what Amendment 80 forbids. It removes a class of cases from our circuit courts' original jurisdiction and places them within the exclusive purview of a court constitutionally limited to appellate review. Section 10 does not authorize that result. It forecloses it.

### B. Amendment 80, Section 9 Concerns Procedural Rules

Next, the State and the County argue that section 9 of Amendment 80 provides a workaround—allowing the General Assembly to amend this court's rules to carve out an exception to the court of appeals' constitutionally limited appellate jurisdiction and assign it original jurisdiction over facial constitutional challenges. Contrary to their argument, section 9 does not authorize the General Assembly to alter the jurisdiction of the court of appeals. It permits only the amendment of this court's rules—and those rules do not *confer* jurisdiction. They *allocate* existing appellate jurisdiction. Section 9 provides that "[a]ny rules promulgated by the Supreme Court pursuant to Sections 5, 6(B), 7(B), 7(D), or 8 of this Amendment [80] may be annulled or amended, in whole or in part, by a two–thirds (2/3) vote" of each house of the General Assembly. Ark. Const. amend. 80, § 9. Only section 5 is relevant here. Again, section 5 reads, in pertinent part, that the court of appeals "shall have such *appellate jurisdiction* as the Supreme Court shall by rule determine." Ark. Const. amend. 80, § 5 (emphasis added).

10

The State argues that this authority allows the General Assembly to expand the court of appeals' jurisdiction to encompass facial constitutional challenges. It does not. Section 9 speaks only to *rules*. And our rules govern pleading, practice, and procedure—not jurisdiction.[8] Specifically, they prescribe how cases proceed. Jurisdiction, by contrast, is fixed by the constitution and determines a court's authority to hear and decide a particular type of case. *See Edwards v. Edwards*, 2009 Ark. 580, at 3–4, 357 S.W.3d 445, 448. To be sure, Arkansas jurisprudence may assert that this court "assigns" jurisdiction to the court of appeals. *See Bales*, 2017 Ark. 161, at 1–2, 518 S.W.3d at 77; *Bridgeman*, 2017 Ark. App. 321, at 1–2, 525 S.W.3d at 460–61; *Brock v. Eubanks*, 102 Ark. App. 165, at 169G n.1, 288 S.W.3d at 279–80 n.1. But that shorthand does not mean we confer jurisdiction in the constitutional sense. Rather, it reflects our authority to allocate, by rule, the categories of cases that fall within the court of appeals' existing appellate jurisdiction—determining which appellate matters are heard there and which remain in this court. Section 5 does not permit us to create new forms of jurisdiction or convert appellate jurisdiction into original jurisdiction.

That distinction is dispositive. Because this court cannot confer jurisdiction by rule, there is nothing for the General Assembly to "amend" by way of section 9 that would expand the court of appeals' jurisdiction under section 5 to now include a singular portion of original jurisdiction over a justiciable claim or controversy. To accept the State's position

---

[8] *See generally* Ark. R. Civ. P.; Ark. R. Evid.; Ark. R. App. P.–Civ.; Ark. R. App. P.–Crim.; Ark. Sup. Ct. R.; Ark. Dist. Ct. R. (collectively governing civil, criminal, appellate, evidentiary, and court procedural rules in Arkansas); *see also Broussard v. St. Edward Mercy Health Sys., Inc.*, 2012 Ark. 14, at 7, 386 S.W.3d 385, 390 (asserting this court's "authority to set and control procedure.").

would be to transform that court from an intermediate appellate tribunal into something else entirely: an appellate court that, in one limited circumstance, acts as an ad hoc trial court. The constitution does not permit that sleight of hand. The General Assembly cannot do indirectly—by modifying our procedural rules—what it cannot do directly. Act 975 rests on that impermissible premise. It therefore is unconstitutional.

### III. *Conclusion*

Sections 5 and 6(A) say what they say. Under section 5, the court of appeals is vested with *appellate jurisdiction*—nothing more, nothing less—that this court may allocate. Section 6(A) establishes circuit courts as courts of *original jurisdiction over all justiciable matters*, except as otherwise provided in the constitution. And the constitution does not provide for another court to adjudicate facial constitutional challenges. These matters properly belong in circuit court.

The General Assembly's role in state government is to shape public policy, but they must do so within the confines of the constitution. Nearly twenty-six years ago, the people of Arkansas, through Amendment 80, made a deliberate choice regarding the judicial power of the state and how it would be allocated and administered. They fixed the jurisdiction of our courts in the constitution itself, with limited room for the General Assembly to tinker with that configuration. That choice binds us. And we are not at liberty to disregard those constitutional limits.

Therefore, because the sole basis for the circuit court's dismissal of Norris's entire complaint was lack of subject-matter jurisdiction under Act 975 of 2025, and because we have deemed Act 975 unconstitutional, we reverse and remand for further proceedings consistent with this opinion.

12

Reversed and remanded.

Special Justice BARBARA HALSEY joins.

WOMACK, J., not participating.

*Clint Lancaster & Co., LLC*, by: *Clinton W. Lancaster*, for appellants.

*Blair & Stroud*, by: *Barrett S. Moore*, for appellees Kenny Hurley and Johnathan Abbott, individually.

Daniel R. Haney, County Attorney, for appellees Independence County, Arkansas; Tracey Mitchell, Wendy Henry, Jennifer Emery, and Frances Haigwood, in their official capacities; and Tim Stewart, Johnny McMullin, Brent Henderson, Brad Covington, Cliff Barnett, Tammy Pearce, Kenny Hurley, Johnathan Abbott, and Dennis Stephens, individually and in their official capacites.

*Tim Griffin*, Att'y Gen., by: *Autumn Hamit Patterson*, Solicitor Gen., and *Noah P. Watson*, Dep. Solicitor Gen., for intervenor/appellee.